JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, John Manos ("Manos"), appeals his conviction for harboring or caring for a vicious dog. Finding merit to the appeal, we reverse.
 {¶ 2} In 2003, Manos was initially charged with allowing a dog to go unconfined outdoors and to bite the victim without provocation, a violation of Highland Heights Ordinance ("H.H.O.") 505.011(A)(2). The matter was scheduled for trial in December 2003. Prior to trial, however, Manos was also charged with violating H.H.O. 505.011(C), which provides that "no person owning, harboring, or having the care or control of a vicious dog shall suffer or permit such animal to go unconfined on the premises of such person."
 {¶ 3} On the day of trial, the prosecutor dismissed the initial charge without prejudice. Manos moved to dismiss the second charge based on double jeopardy, which the court denied. After the court entered a not guilty plea for Manos, trial proceeded on the second charge.
 {¶ 4} The court found Manos guilty of H.H.O. 505.011(C), harboring and caring for a vicious dog, and fined him $250 and costs. Manos appeals, raising three assignments of error. We shall first address the final assignment of error because it is dispositive.
 Unconstitutionality of Ordinance {¶ 5} In his third assignment of error, Manos argues that the trial court's interpretation of H.H.O. 505.011(C) renders it unconstitutional.
 {¶ 6} The Ohio Supreme Court recently found in State v.Cowan, 103 Ohio St.3d 144, 2004-Ohio-4777, that "R.C. 955.22
violates the constitutional right to procedural due process insofar as it fails to provide dog owners with a meaningful opportunity to be heard on the issue of whether the dog is `vicious' or `dangerous' as defined in R.C. 955.11(A)(1)(a) and (A)(4)(a)." Id. at syllabus.
 {¶ 7} While H.H.O. 505.011 is patterned after R.C. 955.22, we must determine whether it is constitutional, providing dog owners or caretakers with the due process required in determining whether the dog is vicious.
 {¶ 8} In Cowan, the Court, while recognizing that dogs are subject to the police power, held that R.C. 955.22 denies a person a meaningful opportunity to challenge the classification of "vicious dog" prior to a criminal trial. This inability to challenge the classification denies a person due process under the law. Id.
 {¶ 9} In applying the Cowan rationale, we find that HHO 505.011 is unconstitutional, because it does not provide dog owners or caretakers, prior to a trial, due process to be heard whether the dog is, in fact, vicious. In the instant case, once the dog bit the city worker, the police unilaterally labeled the dog "vicious" and charged Manos with failure to confine it. Manos could challenge the classification only at trial, which pursuant to Cowan, does not provide "meaningful opportunity" to challenge the classification and is thus a violation of due process.
 {¶ 10} Accordingly, the final assignment of error is sustained.
 {¶ 11} The remaining assignments of error involving alleged errors in the trial are moot. Judgment reversed and conviction vacated.
It is, therefore, considered that said appellant recover of said appellee the costs herein.
It is ordered that a special mandate be sent to the Lyndhurst Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McMonagle, J. Concurs;
 Dyke, P.J. Concurs in Judgment only (See Separate Opinion)