[Cite as *State v. Breitenstein*, 2011-Ohio-4450.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY   COUNTY

STATE OF OHIO                        :
                                     :    Appellate Case No.   24325
        Plaintiff-Appellant          :
                                     :    Trial Court Case No. 2010-CRB-3313
v.                                   :
                                     :
SCOTT A. BREITENSTEIN                 :    (Criminal Appeal from
                                     :     Dayton Municipal Court)
        Defendant-Appellee           :
                                     :

. . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of September, 2011.

. . . . . . . . .

JOHN DANISH, Atty. Reg. #0046639, and STEPHANIE L. COOK, Atty. Reg.
#0067101, by AMY B. MUSTO, Atty. Reg. #0071514, City of Dayton Prosecutor's
Office, 335 West Third Street, Room 372, Dayton, Ohio 45402
        Attorneys for Plaintiff-Appellant

MELISSA A. PFAHLER, Atty. Reg. #0086031, Law Office of the Public Defender,
117 South Main Street, Suite 400, Dayton, Ohio 45422
        Attorney for Defendant-Appellee

. . . . . . . . .

HALL, J.

{¶ 1} Scott Breitenstein and Christopher Quedeweit live in the same duplex,

Breitenstein in the upper unit, Quedeweit in the lower, and they share the back yard.

They both own dogs. On April 15, 2010, while Breitenstein was sleeping, Eric Smith,

a neighbor, entered Breitenstein's unit, put a leash on Breitenstein's dog, and took it

into the back yard. Smith often did this. Quedeweit and his dog were in the back yard at the time. When Smith and Breitenstein's dog came outside, Quedeweit picked up his own dog and started to walk toward the door to his unit. Breitenstein's dog got away from Smith. The dog ran up to Quedeweit and bit him three times. Closing Quedeweit's wounds required 45 stitches.

{¶ 2} Both Breitenstein and Smith were charged under Dayton's dog-control ordinance, R.C.G.O. 91.50(A)(5). While Smith pleaded guilty, Breitenstein maintained his innocence, and a bench trial was held in Dayton Municipal Court. Breitenstein did not dispute that he owned the dog, nor did he dispute that it was his dog that bit Quedeweit. Breitenstein argued that because he was sleeping at the time he is not culpable. The municipal court agreed, finding Breitenstein not guilty after concluding that the city failed to prove the ordinance's culpability element.

{¶ 3} The city appealed.

{¶ 4} In a single assignment of error, the city argues that the municipal court erred by requiring it to prove a culpability element. The city contends that R.C.G.O. 91.50 imposes strict liability for violations. We agree.

{¶ 5} To prove a violation of R.C.G.O. 91.50(A)(5), the city must prove these elements:

{¶ 6} "(A) No person owning, keeping, possessing, harboring, maintaining, or having the care, custody, or control of a dog shall suffer or permit such dog to:

{¶ 7} "* * *

{¶ 8} "(5) Bite or otherwise cause physical harm to any other person * * *."

{¶ 9} This Court directly addressed the strict-liability nature of this ordinance in

*State v. Thaler*, Montgomery App. No. 22579, 2008-Ohio-5525. In *Thaler*, we concluded that "R.C.G.O. § 91.50 is a strict liability offense." Id. at ¶30. Breitenstein concedes *Thaler*'s holding. But he urges us to reconsider it.

{¶ 10} Breitenstein first argues that the present case must be distinguished from *Thaler* on its facts, like the municipal court concluded. While noting *Thaler*, the court concluded that it did not control here because of substantial fact differences. Construing the ordinance, the court said that the culpability requirement is "suffer or permit the dog to bite." The court found that because Breitenstein's dog was under Smith's control at the time and because Breitenstein was unaware that Smith had taken the dog outside, the city failed to prove that Breitenstein suffered or permitted his dog to bite Quedeweit. But factual differences are irrelevant to the issue. "The interpretation of a statute involves a purely legal question." *Washington Cty. Home v. Ohio Dept. of Health*, 178 Ohio App.3d 78, 2008-Ohio-4342, at ¶27.

{¶ 11} Breitenstein also points out that the ordinance does not criminalize mere ownership or possession of a dog but rather criminalizes an owner's suffering or permitting his dog to bite. If we were to find that the ordinance imposes strict liability, Breitenstein asserts, the ordinance's "suffer or permit" language would be rendered superfluous. Breitenstein is correct that the ordinance criminalizes an owner's suffering or permitting his dog to bite. This is the act (not the level of culpability) that the city must prove. But because the ordinance imposes strict liability, the city need not prove (as it would for a non-strict liability offense) that the act was done with a culpable mental state–purposely, knowingly, recklessly, or negligently. The "suffer or permit" language is not rendered superfluous.

{¶ 12} None of the law on which we based our holding in *Thaler* has changed. We note that other courts have held that similar ordinances impose strict liability. See *Highland Heights v. John Manos*, Cuyahoga App. No. 84238, 2004-Ohio-6016 (holding that an ordinance providing that "No person owning, harboring or having the care or control of a vicious dog shall suffer or permit such animal to go unconfined on the premises of such person" imposes strict liability); *Gates Mills v. Welsh* (2001), 146 Ohio App.3d 368, 374 (holding that a similar dog confinement statute provided for strict liability such that "defendant's considerable efforts to comply with the statute were irrelevant as a defense"). But, see, *Akron v. Meissner* (1993), 92 Ohio App.3d 1 (holding that a city ordinance that prohibited owners suffering or permitting their dogs to bite required proof that the defendant "recklessly" permitted her dog to bite). Breitenstein fails to persuade us to reconsider *Thaler*'s holding. That holding–that R.C.G.O. 91.50 imposes strict liability for violations–controls the present case.

{¶ 13} The municipal court found that Breitenstein did not dispute that he owned the dog and did not dispute that it was his dog that bit Quedeweit while the latter was in their shared back yard. These facts satisfy the essential elements of R.C.G.O. 91.50(A)(5). See *Thaler*, at ¶31. The municipal court should have concluded that Breitenstein was strictly liable for the offense. The appellant's assignment of error is well taken. Nevertheless, our decision does not affect the final judgment of the trial court as to this defendant because this is a prosecution appeal under R.C. 2945.67. Therefore, that judgment is affirmed.

. . . . . . . . . . .

CELEBREZZE, J., concurs.

FROELICH, J., concurring:

{¶ 14} I cannot find any justification for overruling our precedent in *Thaler* or *State v. Squires* (Montgomery 1996), 108 Ohio App. 3d 716, that anyone permitting his or her dog to bite any other person is guilty regardless of his or her mental state at the time he or she commits the act.

{¶ 15} However, I write separately to emphasize that the prosecution still must prove a voluntary act on the part of the defendant. In this case, the city produced evidence that the defendant did engage in the voluntary act of "suffering or permitting" when it proved that he owned, kept, possessed, harbored, maintained, etc. . . .the dog at the time it bit another person.

{¶ 16} The ordinance provides for an affirmative defense if the person was trespassing. R.C.G.O. 91.5(D)(2)[1] Further, the defendant could have argued that his suffering or permitting (i.e., his failure to not permit) the bite was an involuntary act or not even his own act, and thus that the city did not prove the necessary actus reus. R.C. 2901.21(A)(1). In such a scenario, the dog's owner did not "suffer or permit" anything and would be not guilty despite the strict liability nature of the offense.

. . . . . . . . . .

(Hon. Frank D. Celebrezze, Jr. Eighth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)

---

[1]There is nothing inconsistent with a strict liability offense's having an affirmative defense. See, e.g., *State v. Williams*, Montgomery App. No. 23546, 2010-Ohio-3334, ¶7, finding that "impossibility" is a permissible affirmative defense to the strict liability offense of failure to register.

Copies mailed to:

John Danish / Stephanie L. Cook
Amy B. Musto
Melissa A. Pfahler
Hon. John S. Pickrel