[Cite as *Dayton v. Patrick*, 2018-Ohio-196.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| CITY OF DAYTON | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 27524 |
| | : | |
| v. | : | Trial Court Case No. 2016-CRB-5245 |
| | : | |
| LAQUISHA PATRICK | : | (Criminal Appeal from Municipal Court) |
| | : | |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . 

O P I N I O N

Rendered on the 19th day of January, 2018.

. . . . . . . . . . 

SHAWN CRAWFORD, Atty. Reg. No. 0095634, Assistant City of Dayton Prosecutor, 335 West Third Street, Room 372, Dayton, Ohio 45402
    Attorney for Plaintiff-Appellee

ADAM JAMES STOUT, Atty. Reg. No. 0080334, 5335 Far Hills Avenue, Suite 109, Dayton, Ohio 45429
    Attorney for Defendant-Appellant

. . . . . . . . . . . . 

TUCKER, J.

{¶ 1} Laquisha Patrick is the owner of a dog, Nina. Patrick, on July 21, 2016, was at work leaving Nina with her 14 year old son. Nina, while supervised by Patrick's 14 year old son, attacked a neighbor's cat resulting in the cat's death. Patrick, as a result, was charged with a violation of Dayton Revised Code General Ordinance (R.C.G.O.) 91.50(A)(5). The trial court, following a bench trial, found Patrick guilty with this appeal following. We find, contrary to Patrick's argument, that her son's conduct does not insulate her from criminal liability for a violation of R.C.G.O. 91.50(A)(5). We further find that the trial court did not err when it rejected Patrick's affirmative trespass defense.

**Facts**

{¶ 2} It is undisputed that on July 21, 2016 Patrick owned Nina and that on this date Nina attacked and killed a neighbor's cat resulting in Patrick being charged with a violation of R.C.G.O. 91.50(A)(5). However, the circumstances leading to Nina's attack were disputed at trial. Patrick lives at 1253 Vernon Drive, living there with her 14 year old son, her daughter, and her husband. Sisters Patricia and Elizabeth Cooper[1], along with their brother, live at 1254 Vernon Drive which is located directly across the street from Patrick's home. It is not disputed that when Nina attacked the feline, Patrick was at work leaving Nina with her son.

{¶ 3} Patricia testified that late in the afternoon on July 21 she left her home to walk her dog. Patricia testified that as she began her walk she saw Patrick's children in their front yard. Patricia indicated that as she was walking she looked back and saw an

---

[1] The Cooper sisters, for the sake of clarity, will be referred to by their first names.

unrestrained Nina run across the street into her yard and attack Elizabeth's cat resulting in the cat's death.

**{¶ 4}** Patrick's son, in contrast, testified that Nina was restrained by a long chain. One end of the chain, according to the 14 year old, was attached to a post located at the outer edge of the home's front porch with the chain's other end attached to Nina's collar. The chain, by the son's reckoning, was long enough to allow Nina to roam, but not leave, the home's small front yard. Patrick's son finally testified that Elizabeth's cat came into his front yard prompting Nina's attack. A bench trial was conducted on October 3, 2016. The trial court, in a written decision filed on January 17, 2017, found Patrick guilty of the charged offense. This appeal followed.

## Analysis

**{¶ 5}** Patrick's sole assignment of error is as follows:

[PATRICK'S] CONVICTIONS [SIC] IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND IS WITHOUT SUFFICIENT EVIDENCE WHEN A THIRD PARTY INTERVENED IN RELEASING [PATRICK'S] DOG FROM HER HOUSE.

Patrick presents two arguments in support of her assignment of error – first, that she did not suffer or permit Nina to attack Elizabeth's cat and second, that the trial court erred by not accepting Patrick's trespass defense. These arguments are discussed below.

## Suffer or Permit Assertion

**{¶ 6}** R.C.G.O. 91.50(A) states in relevant part as follows:

No person owning, keeping, harboring, maintaining, or having the care, custody, or control of a dog shall suffer or permit such dog to:

* * *

(5) Bite or otherwise cause physical harm to any other person, domestic animal, or feline.

{¶ 7} Patrick asserts that because she was not at home and it was her 14 year old son who allowed Nina to attack Elizabeth's cat that she did not suffer or permit the attack, and, as such, the trial court's suffer or permit conclusion – as reflected by the verdict - is not supported by sufficient evidence and it is against the manifest weight of the evidence. Though couched as a sufficiency and manifest weight issue, Patrick's argument, upon reflection, is a legal argument that a dog owner cannot suffer or permit a dog's attack when he is not present and the animal is under the control of another person.

{¶ 8} We have consistently held that R.C.G.O. 91.50(A)(5) is a strict liability provision. *State v. Thaler*, 2d Dist. Montgomery No. 22579, 2008-Ohio-5525; *State v. Breitenstein*, 2d Dist. Montgomery No. 24325, 2011-Ohio-4450; *State v. Smith*, 2d Dist. Montgomery No. 25260, 2013-Ohio-123 (analysis of Englewood Ordinance 618.17); *State v. McGuire*, 2d Dist. Montgomery No. 25455, 2013-Ohio-3280. As we noted in *Breitenstein*, R.C.G.O. 91.50(A)(5) "criminalizes an owner's suffering or permitting his dog to bite. This is the act (not the level of culpability) that the city must prove. But because the ordinance imposes strict liability, the city need not prove (as it would for a non-strict liability offense) that the act was done with a culpable mental state…" *Breitenstein* at ¶ 11.

{¶ 9} This strict liability discussion does not, however, resolve the question of

whether, in this case, Patrick suffered or permitted Nina's attack upon the feline. Our case law is helpful in the resolution of this issue.

{¶ 10} In *Breitenstein*, Breitenstein's neighbor entered his home while he was asleep and took Breitenstein's dog from the home. The neighbor, according to the decision, often engaged in this conduct. The dog, while in the neighbor's control, bit an individual resulting in Breitenstein and the neighbor being charged with violating R.C.G.O. 91.50(A)(5). The neighbor pleaded guilty, but Breitenstein's case concluded with a bench trial with Breitenstein asserting that since he was asleep when the attack occurred, the city failed to establish his culpability for the dog's conduct. The trial court accepted Breitenstein's argument finding him not guilty based upon the city's failure "to prove the ordinance's culpability element." *Breitenstein* at ¶ 2. The city appealed the trial court's determination.

{¶ 11} Breitenstein, on appeal, conceded our case law, specifically *State v. Thaler*, establishes that R.C.G.O. 91.50(A) is a strict liability ordinance, but he requested reconsideration of this conclusion. We declined this invitation concluding that the facts of the case satisfied "the essential elements of R.C.G.O. 91.50(A)(5)[,]" and, as such, the "municipal court should have concluded that Breitenstein was strictly liable for the offense." *Breitenstein*, 2d Dist. Montgomery No. 24325, 2011-Ohio-4450, ¶ 13.

{¶ 12} Judge Froelich wrote a concurring opinion in which he indicated that he saw no reason to reconsider our conclusion that R.C.G.O. 91.50(A) is a strict liability ordinance. Judge Froelich further stated, however, that Breitenstein "could have argued that his suffering or permitting (i.e., his failure to not permit) the bite was an involuntary act or not even his own act, and thus that the city did not prove the necessary actus reus.

R.C. 2901.21(A)(1)."[2]   *Id.* at ¶ 16.   Judge Froelich concluded by stating that "[I]n such a scenario, the dog's owner did not 'suffer or permit' anything and would be not guilty despite the strict liability nature of the offense."   *Id.*

{¶ 13} Though not expressly stated, Patrick's suffer or permit argument is premised upon Judge Froelich's concurring opinion.   Patrick, that is, asserts that since her son, when she was not home, allowed Nina to be outside without a leash the city did not establish either that her voluntary conduct, as opposed to her son's conduct, resulted in Nina's attack or that she, because of her absence, was capable of preventing Nina's conduct.

{¶ 14} We have addressed this argument in two cases decided after *State v. Breitenstein*.   The first case is *State v. Smith*, *supra*.   In this case Smith's dog Penney, while wearing an electronic collar, ran through an operative invisible fence and attacked a neighbor's dog.   Smith was charged with a violation of Englewood Ordinance 618.17 which, as to the pertinent provisions, is identical to R.C.G.O. 91.50(A)(5).   Smith, in reliance upon Judge Froelich's concurring opinion in *Breitenstein*, argued that the city did not establish that he committed a voluntary act that resulted in a violation of the suffer or permit element.   We concluded otherwise stating that the "evidence established that Smith voluntarily owned and controlled Penney and that he was responsible for securing the dog in his yard.   There is no evidence he was compelled to own and control the dog

---

[2] R.C. 2901.21(A) states as follows: "Except as provided in division (B) of this section, a person is not guilty of an offense unless both of the following apply: (1) The person's liability is based on conduct that includes either a voluntary act, or an omission to perform an act or duty that the person is capable of performing; (2) The person has the requisite degree of culpability for each element as to which a culpable mental state is specified by the language defining the offense."

against his will." *Smith* at ¶ 13. We further stated that the "facts… are unlike *Breitenstein* where the defendant was asleep and a neighbor took his dog for a walk without his knowledge." *Id.*

{¶ 15} We addressed a similar argument in *State v. McGuire*, *supra*. In this case, a pit bull, though usually leashed, either slid under or came through a fence and attacked a dog being walked on the sidewalk adjacent to the fence the pit bull escaped from. McGuire, as a result of the dog's attack, was charged with a violation of R.C.G.O. 91.50(A)(5). McGuire, among other assertions, argued that the city failed to establish that the attack resulted from his voluntary conduct because there was no evidence that he was present when the attack occurred. We rejected this argument concluding that "[a]s in *Smith*, the evidence… indicates that McGuire owned the dog and was responsible for securing him in the yard." *McGuire* at ¶ 34. Thus, we concluded that the city established that McGuire engaged in volitional conduct, and, since a culpable mental state was not required, the city established the suffer or permit element.

{¶ 16} We conclude, turning to the present case, that the city, consistent with our case law, established that Patrick engaged in voluntary conduct that resulted in Nina's attack upon Elizabeth's cat. Thus, the city, since a culpable mental state did not have to be established, proved the suffer or permit element. This conclusion is reached because Patrick voluntarily owned Nina and, as such, she, of her own volition, took on the strict liability burden to prevent Nina from attacking a neighbor's cat. The fact that Patrick allowed her teenage son, in her absence, to supervise Nina does not alter this conclusion. Patrick, as Nina's owner, retained the strict liability obligation not to suffer or permit Nina's attack on a neighbor's cat. Patrick, given this burden, is responsible for her son's

conduct which permitted the occurrence of Nina's attack.

**Trespass Defense**

{¶ 17} Patrick also asserts that the trial court erred by not accepting Patrick's trespass defense. R.C. 91.50(D)(2) states in pertinent part that "[I]t shall be an affirmative defense to a violation of 91.50(A)… (5) that at the time of the occurrence [the]… feline was unlawfully on the property owned or controlled by the owner of such dog, and that such dog was not unsecured." Patrick's son's testimony placed the affirmative defense at issue with Patrick having the burden of proof by the preponderance of the evidence. Patrick does not articulate how the trial court erred by accepting the city's version of events, but since her assignment of error asserts that the verdict is not supported by sufficient evidence and it is against the manifest weight of the evidence, we will review the trial court's verdict from a sufficiency and a manifest weight perspective.

{¶ 18} A sufficiency of the evidence analysis focuses upon whether the prosecution presented adequate evidence, viewing such evidence in the light most favorable to the prosecution, to sustain the verdict. *State v. Radford*, 2d Dist. Clark No. 2016-CA-80, 2017-Ohio-8189, ¶ 14. (Citations omitted.) The prosecution has presented sufficient evidence when "any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.*, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d (1991), paragraph two of the syllabus.

{¶ 19} A manifest weight analysis, in contrast, requires an appellate court to review the record, weigh the evidence and any reasonable inferences allowed by the evidence, consider witness credibility, and determine whether the trier of fact, in resolving any

evidentiary conflicts, "clearly lost its way and created such a miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Radford* at ¶ 15. This consideration of the evidence must be exercised with caution so that a new trial will only be granted "in the exceptional case in which the evidence weighs heavily against the conviction." *Id.*, quoting *State v. Martin*, 20 Ohio App. 3d 172, 175, 485 N.E.2d 717 (1st Dist. 1983). Though different legal concepts are involved, if it is concluded that a verdict is supported by the manifest weight of the evidence, the evidence, by necessity, is legally sufficient. *Radford* at ¶ 16 (Citations omitted.)

{¶ 20} The factual dispute the trial court had to resolve was the conflict between Patricia's testimony and Patrick's son's testimony. We cannot say that the trial court's resolution of this conflict demonstrates a circumstance where the trial court, as the trier of fact, clearly lost its way so that a miscarriage of justice occurred. Since the trial court's resolution of this conflict is not against the manifest weight of the evidence, it is supported by sufficient evidence. The trial court, accordingly, did not err by rejecting Patrick's trespass defense.

## Conclusion

{¶ 21} The trial court's guilty verdict is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies mailed to:

Shawn Crawford
Adam James Stout
Hon. Christopher D. Roberts