SCARBERRY, APPELLANT, *v.* TURNER, WARDEN, APPELLEE.

[Cite as *Scarberry v. Turner,* 139 Ohio St.3d 111, 2014-Ohio-1587.]

*Habeas corpus—Habeas corpus not proper remedy to address alleged improper*
*revocation of parole—Proper remedy is new hearing—Prisoner has not*
*shown clear right to hearing based on alleged misstatement in violation*
*report—Judgment affirmed and writ denied.*

(No. 2013-1228—Submitted November 19, 2013—Decided April 16, 2014.)

APPEAL from the Court of Appeals for Marion County, No. 9-13-22.

———————————

**Per Curiam.**

{¶ 1} Appellant, Darby Scarberry, an inmate in the North Central
Correctional Complex in Marion, Ohio, alleges that the Ohio Adult Parole
Authority ("OAPA") violated his constitutional rights by denying his parole
application based upon a violation report that falsely stated that he used a knife in
a robbery and raped the victim. Scarberry filed an original action asking the
Third District Court of Appeals to issue a writ compelling the OAPA to expunge
the false statement from the violation report and conduct a new parole hearing.
The court of appeals dismissed the petition.

{¶ 2} We affirm the judgment of the court of appeals.

*Factual Allegations*

{¶ 3} On June 13, 1984, Scarberry was convicted of rape and sentenced
to a term of 10 to 25 years. The rape in question occurred on December 18, 1983.

{¶ 4} On December 1 and 2, 2009, Scarberry, while out of prison on
parole, committed two theft offenses at the same gas station in Lima, Ohio.

{¶ 5} On January 11, 2010, Parole Officer Philip Rader prepared a
violation report recommending revocation of Scarberry's parole. According to

Scarberry, the Rader report falsely accused him of raping a gas-station attendant at knifepoint during one of the December 2009 petty thefts.

{¶ 6} On January 7, 2010, Scarberry pled guilty to two misdemeanor counts of petty theft for the 2009 offenses. On February 2, 2010, the OAPA found that Scarberry had violated the conditions of his parole. The report containing the OAPA's findings made no mention of a knife being used or a rape being committed during the December 2009 offenses.

{¶ 7} Scarberry alleges that he first became aware of the Rader violation report on May 16, 2011. Scarberry filed an administrative grievance with the OAPA seeking to have his parole revocation readdressed, but an OAPA regional administrator rejected the complaint, in part on the grounds that the issues complained of were not grievable.

{¶ 8} On January 25, 2013, upon completion of Scarberry's 36-month reincarceration, the OAPA conducted a parole hearing and denied Scarberry's request for early release.

*Procedural history*

{¶ 9} After his administrative complaint to the OAPA was unsuccessful, Scarberry filed a petition for a writ of habeas corpus in the Third District Court of Appeals. Respondent Neal Turner, warden of the North Central Correctional Complex, filed a motion to dismiss on May 22, 2013. As part of his opposition to the motion, Scarberry moved the court for leave to amend his complaint to attach his commitment papers, which were omitted from the original complaint.

{¶ 10} On July 10, 2013, the court of appeals issued a judgment entry granting the motion to dismiss on the grounds that Scarberry has no constitutional right to early release. Scarberry filed a timely notice of appeal with this court.

{¶ 11} The cause is now fully briefed and ripe for adjudication.

*Legal analysis*

{¶ 12} We affirm the appellate court's dismissal for three reasons.

2

**{¶ 13}** First, a writ of habeas corpus is not the appropriate remedy to address Scarberry's complaint. The revocation of parole implicates constitutional liberty interests, such that the parolee is entitled to certain due-process protections, among them the right to a hearing. *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). The remedy for an alleged *Morrissey* due-process violation is a new hearing, not immediate release from confinement. *State ex rel. Jackson v. McFaul*, 73 Ohio St.3d 185, 188, 652 N.E.2d 746 (1995).

**{¶ 14}** Consistent with these cases, Scarberry makes clear that the relief he seeks is a new parole hearing, not immediate release from incarceration. However, habeas corpus lies only if the petitioner is entitled to immediate release from confinement. *Keith v. Bobby*, 117 Ohio St.3d 470, 2008-Ohio-1443, 884 N.E.2d 1067, ¶ 12; *Pewitt v. Lorain Corr. Inst.*, 64 Ohio St.3d 470, 472, 597 N.E.2d 92 (1992). Except in extreme circumstances involving unreasonable delay, which Scarberry has not alleged, habeas is the wrong remedy to challenge alleged due-process violations at a parole hearing. *Jackson* at 188.

**{¶ 15}** Second, we affirm because Scarberry has not established a right to a new early-release hearing.

**{¶ 16}** Scarberry's complaint concerns two distinct actions by the OAPA. In February 2010, the board revoked his parole. And on January 25, 2013, the board denied him early release. Scarberry is not asking the court to order a new *revocation* hearing. Scarberry's prayer for relief asked the court "to order an evidentiary hearing and then issue a writ of habeas corpus ordering the Defendants to * * * hold another Release Hearing before the Parole Board to determine his suitability for release."[1]

---

1. Any request for a new revocation hearing would be moot. The revocation order required Scarberry to serve 36 months before becoming eligible again for parole in January 2013. Scarberry concedes that he has completed that 36-month term.

{¶ 17} However, there is no legal basis for this court to order a new hearing to consider early release. The decision to grant or deny early release is wholly discretionary, and a prisoner has no "expectancy of parole upon which [he] can base his due process claims." *State ex rel. Blake v. Shoemaker*, 4 Ohio St.3d 42, 43, 446 N.E.2d 169 (1983). Therefore, Scarberry cannot demonstrate a clear legal duty on the part of the OAPA to conduct a second hearing.

{¶ 18} Finally, and perhaps most fundamentally, we affirm because the Rader report does *not* accuse Scarberry of committing rape in 2009, and therefore he cannot establish a due-process violation.

{¶ 19} Scarberry claims that the Rader violation report accuses him of using a knife and committing a rape in 2009. Scarberry objects to the following sentence: "Due to the nature of the offender's underlying offense, in which he went into a gas station and robbed it at knife point, and then proceeded to rape the cashier, his parole was revoked as a result."

{¶ 20} Respondent Turner contends that the sentence refers to the 1983 rape offense, not to the 2009 offenses. Scarberry counters that Rader could not have been referring to the 1983 incident, because that rape occurred in a Lawson's Food and Deli, not a gas station, and did not involve a knife. And Rader's report confirms Scarberry's version of the facts of the 1983 rape.

{¶ 21} Despite the erroneous details, however, the sentence in the Rader violation report could only have been referring to the 1983 rape, not the 2009 incident. This is clear from the context in which the sentence appears.

> In late June 2007, Officer Daugherty notes that the offender was arrested in Bellefontaine, Ohio for attempting and or actually taking money from three different gas station locations in and around Logan County. The offender was charged in Logan County for these charges. He was convicted of 1 Ct. Theft, M1, ordered to

serve 90 day's jail and given credit for time served. The remaining 2 charges of Theft were dismissed along with a driving under a suspended license charge. Due to the nature of the offender's underlying offense, in which he went into a gas station and robbed it at knife point, and then proceeded to rape the cashier, his parole was revoked as a result.

{¶ 22} Plainly, the report was describing what happened to Scarberry as a consequence of his arrest in 2007. Thus, Scarberry's interpretation makes no sense. The report could not have been suggesting that Scarberry's parole was revoked in 2007 based on a rape he would not commit until two years later. Moreover, the use of the past tense—his parole "was revoked"—underscores the fact that the report referred to events prior to 2009, since at the time the report was written, Scarberry's parole had not yet been revoked for the 2009 offenses.

{¶ 23} Because the statement in the report was factually accurate, there is nothing to correct, Scarberry's rights were not violated, and he has failed to state a claim for relief.

{¶ 24} Based on the foregoing, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

O'DONNELL, J., concurs in judgment only.

_____

Darby Scarberry, pro se.

Michael DeWine, Attorney General, and Gene D. Park, Assistant Attorney General, for appellee.

_____