[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Womack v. Sloan,* Slip Opinion No. 2017-Ohio-8708.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-8708

THE STATE EX REL. WOMACK, APPELLANT, *v.* SLOAN, WARDEN, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Womack v. Sloan,* Slip Opinion No. 2017-Ohio-8708.]

*Habeas corpus—Habeas corpus not proper remedy to address allegedly improper revocation of parole—Appellant not entitled to immediate release—Equal-protection claims not cognizable in habeas corpus—Court of appeals' dismissal of petition affirmed.*

(No. 2017-0383—Submitted August 29, 2017—Decided November 29, 2017.)

APPEAL from the Court of Appeals for Ashtabula County,

No. 2015-A-0051, 2017-Ohio-616.

_____

**Per Curiam**.

{¶ 1} We affirm the judgment of the Eleventh District Court of Appeals dismissing the petition of appellant, Joe Richard Womack, for a writ of habeas corpus.

**{¶ 2}** Womack pleaded guilty to aggravated burglary and aggravated robbery in 1985, grand theft in 1995, and aggravated robbery in 2004. He was sentenced to a prison term for each offense.

**{¶ 3}** In April 2014, the Ohio Adult Parole Authority ("APA") granted Womack parole on the condition of "zero tolerance for any positive drug test." The next month, he tested positive for buprenorphine.[1] According to Womack, he requested a confirmation test but it was not administered because he was unable to pay the $35 fee. In June 2014, Womack was reincarcerated after the APA held a revocation hearing and revoked his parole.

**{¶ 4}** In 2015, Womack filed a petition for a writ of habeas corpus in the Eleventh District Court of Appeals against appellee, Brigham Sloan, the warden of Lake Erie Correctional Institution, claiming violations of his due-process, equal-protection, and confrontation rights. According to Womack, the APA was required to confirm his positive drug test and could not revoke his parole solely because he could not pay the fee for a confirmation test. He sought two forms of relief: (1) a new parole-revocation hearing, in which the APA is barred from using the unconfirmed test results and (2) an order directing the APA to change its drug-testing policy for indigent parolees who cannot afford to pay for a confirmation test.

**{¶ 5}** The court of appeals granted the warden's motion to dismiss, explaining that habeas corpus is not available to grant the relief Womack seeks. The court also sua sponte dismissed Womack's amended petition. Womack now appeals.

**{¶ 6}** As Womack notes, the revocation of parole implicates constitutional liberty interests and triggers certain due-process protections. *See Scarberry v. Turner*, 139 Ohio St.3d 111, 2014-Ohio-1587, 9 N.E.3d 1022, ¶ 13, citing *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). But

---

[1] Buprenorphine is an opioid that can be used to treat opioid addiction. It poses risks of addiction, abuse, and misuse. *Physicians' Desk Reference* 1946 (70th Ed.2016).

"[t]he remedy for an alleged *Morrissey* due-process violation is a new hearing, not immediate release from confinement." *Scarberry* at ¶ 13. As such, in most cases, "habeas is the wrong remedy to challenge alleged due-process violations at a parole hearing." *Id.* at ¶ 14 (also acknowledging that habeas may be a proper remedy "in extreme circumstances involving unreasonable delay").

**{¶ 7}** Womack has not established that this is one of the "extraordinary cases" in which habeas corpus will lie to challenge the APA's parole-revocation decision. *State ex rel. Jackson v. McFaul*, 73 Ohio St.3d 185, 187, 652 N.E.2d 746 (1995). "[H]abeas corpus lies only if the petitioner is entitled to immediate release from confinement," *Scarberry* at ¶ 14, something Womack does not assert or request. Instead, his prayer for relief asks only for a new parole-revocation hearing and an order directing the APA to adopt a new policy for indigent parolees seeking confirmatory drug tests. Thus, habeas is not the proper remedy here.

**{¶ 8}** Womack's second argument—that the APA violated his equal-protection rights when it imprisoned him solely because he could not afford to pay the fee for a confirmatory drug test—similarly fails. In his brief, Womack cites United States Supreme Court decisions finding Fourteenth Amendment violations when defendants were discriminated against based solely on their inability to pay fees or fines. *See, e.g.*, *Bearden v. Georgia*, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983); *Tate v. Short*, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971); *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). But equal-protection claims are not cognizable in habeas corpus. *Thomas v. Huffman*, 84 Ohio St.3d 266, 267, 703 N.E.2d 315 (1998). And in any event, Womack was imprisoned because he failed a drug test, not because he failed to pay for a second drug test.

**{¶ 9}** Because Womack failed to state a proper claim in habeas corpus, we affirm the judgment of the court of appeals dismissing his habeas petition.

Judgment affirmed.

O'C<small>ONNOR</small>, C.J., and O'D<small>ONNELL</small>, K<small>ENNEDY</small>, F<small>RENCH</small>, O'N<small>EILL</small>, F<small>ISCHER</small>, and D<small>E</small>W<small>INE</small>, JJ., concur.

_____

Joe Richard Womack, pro se.

Michael DeWine, Attorney General, and Jonathan R. Khouri, Assistant Attorney General, for appellee.

_____