**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. E. Cleveland v. Dailey*, Slip Opinion No. 2020-Ohio-3079.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-3079

THE STATE EX REL. CITY OF EAST CLEVELAND, APPELLANT, ET AL., *v.* DAILEY, APPELLEE, ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. E. Cleveland v. Dailey*, Slip Opinion No. 2020-Ohio-3079.]**

*Jurisdiction—Court of appeals lacked original jurisdiction over city's petition for declaratory judgment—Dismissal of petition affirmed.*

(No. 2019-1636—Submitted April 7, 2020—Decided May 28, 2020.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 108873, 2019-Ohio-4267.

_____

**Per Curiam.**

{¶ 1} This appeal relates to two criminal cases in the East Cleveland Municipal Court against appellee, Randolph P. Dailey, and Patricia Coleman, both of whom are sergeants in the Cleveland police department. Appellant, the city of East Cleveland, brought criminal charges against Dailey and Coleman based on their

conduct during a highspeed police chase that began in Cleveland and ended in East Cleveland.

{¶ 2} A jury found Coleman not guilty, but East Cleveland argues that she was acquitted only because the trial court made erroneous evidentiary rulings. The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution precludes East Cleveland from appealing Coleman's acquittal. *See United States v. Wilson*, 420 U.S. 332, 346, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975).

{¶ 3} In an attempt to obtain review of the trial court's evidentiary rulings before Dailey goes to trial, East Cleveland filed a "petition for declaratory judgment" in the Eighth District. The Eighth District held that it lacks original jurisdiction over declaratory-judgment actions and dismissed the case sua sponte.

{¶ 4} East Cleveland appealed to this court as of right. We affirm. It is well settled that "[c]ourts of appeals lack original jurisdiction over claims for declaratory judgment." *State ex rel. Natl. Elec. Contrs. Assn., Ohio Conference v. Ohio Bur. of Emp. Servs.*, 83 Ohio St.3d 179, 180, 699 N.E.2d 64 (1998); *see also* Ohio Constitution, Article IV, Section 3(B)(1).

{¶ 5} On February 26, 2020, Dailey filed a motion asking us to accept a merit brief he attempted to file on February 20. In view of our decision affirming the court of appeals' judgment, we deny Dailey's motion as moot.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Willa M. Hemmons, East Cleveland Director of Law, for appellant.

Hillow & Spellacy, L.L.C., and Henry J. Hillow, for appellee.

_____