[Cite as *Sate ex rel. Guthrie v. Fender*, 2021-Ohio-2182.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO ex rel.<br>RUSSELL GUTHRIE,<br><br>Petitioner,<br><br>- v -<br><br>DOUGLAS FENDER,<br>WARDEN OF LAKE ERIE<br>CORRECTIONAL, et al.,<br><br>Respondents. | CASE NO. 2021-A-0001<br><br>Original Action for<br>Writ of Habeas Corpus, Writ of<br>Mandamus, and Declaratory<br>Judgment |

## P E R  C U R I A M
## O P I N I O N

Decided: June 28, 2021
Judgment: Dismissed in part and transferred

---

*Russell Guthrie*, pro se, PID# A275-439, Lake Erie Correctional Institution, 501 Thompson Road, P.O. Box 8000, Conneaut, OH 44030 (Petitioner).

*Dave Yost*, Ohio Attorney General, and *Jerri L. Fosnaught*, Assistant Attorney General, 30 East Broad Street, 16th Floor, Columbus, OH 43215 (For Respondents).

PER CURIAM.

{¶1}  Pending before this court is the Respondents', Douglas Fender (Warden of the Lake Erie Correctional Institution) and Alicia Handwerk (Chair of the Ohio Parole Board), Motion to Dismiss filed on February 10, 2021. Petitioner, Russell Guthrie, filed a Contra Response to Respondents' Motion to Dismiss on May 4, 2021.

{¶2}  On January 7, 2021, Guthrie filed a Petition for Writ of Habeas Corpus (R.C.

2725.01-.28) and Petition for Writ of Mandamus (R.C. 2731.02-.11) and Petition for Declaratory Judgment for Unlawful Imprisonment (R.C. 2743.48).

{¶3} According to the Petition, Guthrie is currently a prisoner at the Lake Erie Correctional Institution in Ashtabula County, Ohio. In April 1993, Guthrie was sentenced to two indefinite prison terms of five to twenty-five years for two counts of Rape and two definite prison terms of twenty-four months for two counts of Gross Sexual Imposition. In August 2019, Guthrie was paroled and released from prison.

{¶4} On June 10, 2020, Guthrie was arrested by an "A.P.A. parole officer" and charged as a "technical parole violator." According to the Petition, the charges were based on the following "private phone texts conversations": "In one conversation text a co-worker/friend texted asking petitioner – 'to pick up his bag and gun and drop it off at the friend's house.' Petitioner answered he would do so. The second * * * charged infraction was solely due to 'sexual' texts conversation between petitioner and a consenting adult gay male."

{¶5} On July 20, 2020, Guthrie's parole was revoked, and the "A.P.A. trial official imposed a sentence of 24 months re-imprisonment." A few weeks later, "other high rank [sic] parole board administrative officials inexplicably tripled petitioner's violator sentence to a 5 years sentence."

{¶6} Guthrie asserts that his arrest, reimprisonment, and the revocation of his parole violated the constitutionally protected liberty interests and due-process protections afforded by *Scarberry v. Turner*, 139 Ohio St.3d 111, 2014-Ohio-1587, 9 N.E.3d 1022, and *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). More specifically, he claims that the revocation of his parole was unlawfully based on the

2

exercise of his free speech right, his L.G.B.T. sexual orientation status, nonexistent parole conditions, and an absence of evidence supporting probable cause. For relief, Guthrie seeks "a declaratory judgment finding that petitioner is unlawfully imprisoned"; "a writ of habeas corpus * * * ordering petitioner released from imprisonment"; and "a writ of mandamus * * * ordering respondents to comply with established controlling laws."

{¶7} Respondents seek to have Guthrie's Petition (or Petitions) dismissed for failure to state a claim upon which relief may be granted pursuant to Civil Rule 12(B)(6).

{¶8} "In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ.R. 12(B)(6)), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus. "In construing a complaint upon a motion to dismiss for failure to state a claim, we must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party." *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988).

{¶9} "The revocation of parole implicates a liberty interest which cannot be denied without certain procedural protections." *State ex rel. Jackson v. McFaul*, 73 Ohio St.3d 185, 186, 652 N.E.2d 746 (1995). The minimum requirements of due process in revocation proceedings include:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as

3

to the evidence relied on and reasons for revoking parole.

*Morrissey*, 408 U.S. at 489, 92 S.Ct. 2593, 33 L.Ed.2d 484; *Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). Minimum due process also encompasses "the right to a hearing within a reasonable time following arrest and, under certain circumstances, the right to counsel." *Jackson* at 186. "[O]nce a revocation hearing satisfies minimum due process requirements, the decision to deny parole is not subject to judicial review unless parole is revoked for a constitutionally impermissible reason." (Citation omitted.) *State v. Fears*, 2018-Ohio-1468, 110 N.E.3d 951, ¶ 29 (5th Dist.).

{¶10} "As long as an unreasonable delay has not occurred, the remedy for noncompliance with the *Morrissey* parole-revocation due process requirements is a new hearing, not outright release from prison." *Jackson* at 188; *Scarberry*, 139 Ohio St.3d 111, 2014-Ohio-1587, 9 N.E.3d 1022, at ¶ 13 ("[t]he remedy for an alleged *Morrissey* due-process violation is a new hearing, not immediate release from prison").

### *Declaratory Judgment*

{¶11} With respect to Guthrie's claim for declaratory judgment, the respondents correctly note that courts of appeal lack original jurisdiction to grant such relief. "It is well settled that '[c]ourts of appeals lack original jurisdiction over claims for declaratory judgment.'" *State ex rel. E. Cleveland v. Dailey*, 160 Ohio St.3d 171, 2020-Ohio-3079, 154 N.E.3d 84, ¶ 4, citing *State ex rel. Natl. Elec. Contrs. Assn., Ohio Conference v. Ohio Bur. Of Emp. Servs.*, 83 Ohio St.3d 179, 180, 699 N.E.2d 64 (1998).

### *Habeas Corpus*

{¶12} "Whoever is unlawfully restrained of his liberty * * * may prosecute a writ of

4

habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation." R.C. 2725.01. In the context of parole revocation proceedings, the Ohio Supreme Court has "held that habeas corpus will lie in certain extraordinary circumstances where there is an unlawful restraint of a person's liberty * * * but only where there is no adequate legal remedy, *e.g.*, appeal or postconviction relief." *Jackson* at 186; *Wright v. Ghee*, 74 Ohio St.3d 465, 467, 659 N.E.2d 1261 (1996) ("[t]here is no appeal from a parole revocation decision; therefore, there is no adequate legal remedy").

{¶13} To avoid the dismissal of a petition based on due process violations, "a petitioner must state with particularity the extraordinary circumstances entitling him to habeas corpus relief." *Jackson* at 187. Moreover, "unsupported conclusions of the petition or complaint are not considered admitted and are insufficient to withstand a motion to dismiss." *Id.*

{¶14} Guthrie's Petition fails to demonstrate extraordinary circumstances that would entitle him to immediate release from prison rather than a new revocation hearing. Guthrie claims the conduct for which parole was revoked either did not violate the terms of parole and/or was constitutionally protected. While these claims, if substantiated, could be grounds for challenging the revocation of parole, they do not demonstrate extraordinary circumstances justifying immediate release. *See*, *e.g.*, *State ex rel. Womack v. Sloan*, 152 Ohio St.3d 32, 2017-Ohio-8708, 92 N.E.3d 836, ¶ 4 and 7 (petitioner "claiming violations of his due-process, equal-protection, and confrontation rights" had "not established that this is one of the 'extraordinary cases' in which habeas corpus will lie to challenge the APA's parole-revocation decision"); *Greene v. Turner*, 151 Ohio St.3d 513, 2017-Ohio-8305, 90 N.E.3d 901, ¶ 10 (petitioner's claim "that he was

5

deprived of due process because the state presented insufficient evidence at his parole-revocation hearing for the APA to find a violation" failed to establish "that his is one of the 'extraordinary cases involving parole revocation' in which habeas corpus will lie to challenge a decision of the APA"); *State ex rel. Crigger v. Ohio Adult Parole Auth.*, 82 Ohio St.3d 270, 272, 695 N.E.2d 254 (1998) ("contentions that the subsequent parole revocation proceedings denied him due process of law * * * and resulted in *ex post facto* imposition of punishment are not cognizable in habeas corpus").

{¶15} Concomitant with the failure to establish justification for immediate release, Guthrie failed to comply with the requirement to attach to the Petition "[a] copy of the commitment or cause of detention." R.C. 2725.04(D). Guthrie did attach a copy of his original April 23, 1993 sentencing entry and a copy of a Sanction Receipt advising him that his next parole availability date had been extended to June 2025. Neither of these documents provide any information regarding the decision to revoke his parole or on what grounds that decision was based. *Brown v. Rogers*, 72 Ohio St.3d 339, 341, 650 N.E.2d 422 (1995) ("the sentencing order is irrelevant for purposes of the questions presented by this petition"). As to the cause of detention, we only have Guthrie's assertions that his parole was revoked for violating "non-existent unlawful parole conditions" and because of bias against his "L.G.B.T. sexual orientation status." "Failure to attach the relevant commitment papers is fatally defective to a petition for a writ of habeas corpus because when a petition that does not comply with R.C. 2725.04(D) is presented to a court, 'there is no showing of how the commitment was procured and there is nothing before the court on which to make a determined judgment except, of course, the bare allegations of [the] petitioner's application.'" (Citation omitted.) *Dailey v. Wainwright*, 156 Ohio St.3d 510,

6

2019-Ohio-2064, 129 N.E.3d 444, ¶ 5. As noted by the Ohio Supreme Court in *Jackson*, such unsupported conclusions are insufficient to withstand a motion to dismiss.

**Mandamus**

{¶16} "Mandamus is a writ, issued in the name of the state to * * * [a] person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." R.C. 2731.01.

{¶17} As an initial matter, we reiterate that the ordinary remedy for due process violations in parole revocation proceedings is a new revocation hearing rather than immediate release from prison. *Sullivan v. Bunting*, 133 Ohio St.3d 81, 2012-Ohio-3923, 975 N.E.2d 999, ¶ 2. Accordingly, the ordinary remedy for obtaining a new hearing is mandamus rather than habeas corpus. *State ex rel. Wright v. Ohio Adult Parole Auth.*, 75 Ohio St.3d 82, 87, 661 N.E.2d 728 (1996) ("[i]n order to be entitled to a writ of mandamus, appellee had to establish * * * that the APA has a clear legal duty to perform the new hearing"); *State ex rel. Adkins v. Ohio Adult Parole Auth.*, 82 Ohio St.3d 171, 172, 694 N.E.2d 958 (1998) ("[h]abeas corpus, rather than mandamus, is the proper action for persons claiming entitlement to immediate release from prison").

{¶18} Guthrie, as is manifest from his Contra Response to Respondents' Motion to Dismiss, is seeking immediate release from prison and not a new hearing: "At this point [a new hearing] would be totally impossible to lawfully conduct in any aspect – one cannot roll back and reverse the calendar back to 10 months ago for a new purported hearing. * * * A new hearing remand would mandatorily require timely due process under the time limits in *Morrissey v Brewer* that require a probable cause initial hearing within 10 days of the revocation arrest. * * * Guthrie has been imprisoned over 10 months on no evidence

7

and no probable cause. He would be irreparably prejudiced at this point and exculpatory witnesses and evidence [are] forever lost. There can be no fair trial rehearing." Contra Response at 12. To the extent that Guthrie insists on immediate release from prison as his sole remedy, the Petition for Mandamus may be properly dismissed.

{¶19} The relief sought in the Petition for Mandamus, however, does encompass a new revocation hearing. The Petition seeks "a writ of mandamus pursuant to R.C. 2731.02-.11 ordering respondents to comply with established controlling laws specified in *Morrissey v. Brewer*, 408 U.S. 471 * * *." Given that the "determination of [a] motion for judgment on the pleadings is restricted solely to the allegations in the pleadings," as well as the indulgence that may be exercised in favor of the nonmoving party and pro se prisoners, we construe the Petition as seeking relief appropriate to mandamus. *Peterson v. Teodosio*, 34 Ohio St.2d 161, 166, 297 N.E.2d 113 (1973); *State ex rel. Neil v. French*, 153 Ohio St.3d 271, 2018-Ohio-2692, 104 N.E.3d 164, ¶ 11 (appellate courts have shown leniency by "liberally construing the allegations in a pro se prisoner complaint as stating the elements of a claim"); *Case W. Res. Univ. v. Friedman*, 33 Ohio App.3d 347, 348, 515 N.E.2d 1004 (11th Dist.1986) ("every reasonable inference in favor of the party against whom the motion [to dismiss] is made should be indulged"); Civ.R. 8(E)(2) ("[a] party may * * * state as many separate claims * * * as he has regardless of consistency").

{¶20} Guthrie's mandamus claim only states a claim for relief against respondent Handwerk as Chair of the Ohio Adult Parole Authority, the entity that would be responsible for conducting a new revocation hearing. Guthrie has cited no authority whereby respondent Fender, Warden of the Lake Erie Correctional Institution, would be under any legal duty (or even be competent) to conduct such a hearing. Accordingly, dismissal of

8

the mandamus claim as to respondent Fender is appropriate.

{¶21} The respondents correctly recognize that the proper venue for Guthrie's mandamus claim is Franklin County rather than Ashtabula County. According to the Civil Rules, "[p]roper venue lies in any one or more of the following counties: (1) The county in which the defendant resides; (2) The county in which the defendant has his or her principal place of business; (3) A county in which the defendant conducted activity that gave rise to the claim for relief; (4) A county in which a public officer maintains his or her principal office if suit is brought against the officer in the officer's official capacity; * * * [or] (6) The county in which all or part of the claim for relief arose * * *." Civ.R. 3(C). By any of these criteria, Franklin County is the appropriate venue for the mandamus action. Respondent Handwerk was sued in her capacity as Chair of the Ohio Adult Parole Authority located in Franklin County. During his parole, Guthrie resided in Columbus, Ohio, in Franklin County. According to the Petition, then, the events giving rise to the mandamus claim occurred in Franklin County and there the claim should be heard. *State ex rel. Bobbitt v. Ohio Adult Parole Auth.*, 8th Dist. Cuyahoga No. 91341, 2008-Ohio-3046, ¶ 2 ("Bobbitt's cause of action arose [in Franklin County] where the Ohio Adult Parole Authority conducts its business and where the alleged wrong occurred"); *Collins v. Ohio Adult Parole Auth.*, 10th Dist. Franklin No. 02AP-1161, 2003-Ohio-2952, ¶ 26 (the same); *State ex rel. Russell v. Ohio Dept. of Rehab. & Corr.*, 2019-Ohio-4947, 149 N.E.3d 1064, ¶ 13 (10th Dist.) ("the caselaw is generally in agreement that a case of this kind should be heard in the county where the events occurred").

{¶22} "When an action has been commenced in a county other than stated to be proper in division (C) of this rule [Civ.R. 3], upon timely assertion of the defense of

Case No. 2021-A-0001

improper venue as provided in Civ.R. 12, the court shall transfer the action to a county stated to be proper in division (c) of this rule." Civ.R. 3(D)(1). Accordingly, this case will be transferred to the Tenth Appellate District for Franklin County where venue is proper.

{¶23} Respondents' Motion to Dismiss is granted to the extent indicated above. It is the judgment of this court that the Petition for Declaratory Judgment and the Petition for Habeas Corpus are dismissed, and the Petition for Mandamus is dismissed as to respondent Fender. The Petition for Mandamus as to respondent Handwerk is hereby transferred to the Tenth Appellate District in Franklin County.


MARY JANE TRAPP, P.J., CYNTHIA WESTCOTT RICE, J., MATT LYNCH, J., concur.

Case No. 2021-A-0001