[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Guthrie v. Fender*, Slip Opinion No. 2022-Ohio-767.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-767

THE STATE EX REL. GUTHRIE, APPELLANT, *v.* FENDER, WARDEN, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Guthrie v. Fender*, Slip Opinion No. 2022-Ohio-767.]**

*Habeas corpus and declaratory judgment—Habeas corpus not proper remedy to address allegedly improper revocation of parole—Appellant not entitled to immediate release—Equal-protection claims not cognizable in habeas corpus—Courts of appeals lack original jurisdiction over claims for declaratory judgment—Court of appeals' denial of relief affirmed.*

(No. 2021-0871—Submitted February 8, 2022—Decided March 17, 2022.)

APPEAL from the Court of Appeals for Ashtabula County, No. 2021-A-0001.

_____

**Per Curiam.**

**{¶ 1}** Appellant, Russell Guthrie, a prison inmate, alleges that the Ohio Adult Parole Authority violated his constitutional rights to due process, free speech, and equal protection by revoking his parole based on text messages found on his

phone. Guthrie filed an original action in the Eleventh District Court of Appeals seeking a declaratory judgment and writs of habeas corpus and mandamus. The Eleventh District dismissed the declaratory-judgment and habeas claims but transferred the mandamus claim (as to one respondent, Alicia Handwerk, chair of the Ohio Parole Board) to the Tenth District Court of Appeals. We affirm.

## Background

### *Factual allegations*

**{¶ 2}** In 1993, Guthrie was convicted on two counts of rape and two counts of gross sexual imposition. Guthrie claims that he was sentenced to an aggregate prison term of 10 to 50 years and released on parole in August 2019.

**{¶ 3}** In June 2020, Guthrie was found to be in violation of the conditions of his parole and reincarcerated. Guthrie alleges that the finding of a violation was based on two text-message conversations that a parole officer discovered on Guthrie's phone. Guthrie says that in one conversation, someone asked him to pick up a bag and a gun and drop them off at a house. Guthrie responded to the request with a text message saying that he would do so. According to Guthrie, the other conversation involved " 'sexual' texts" between him and "a consenting adult gay male."

**{¶ 4}** Guthrie alleges that based only on this evidence, a parole-board hearing officer found that he had violated the terms of his parole and recommended that he serve 24 months in prison before being considered again for release. The Ohio Parole Board later modified the sanction, indicating that Guthrie would not be considered for release until June 2025. Guthrie is incarcerated at the Lake Erie Correctional Institution, where appellee, Douglas Fender, is warden.

### *Procedural history*

**{¶ 5}** In January 2021, Guthrie filed an original action in the Eleventh District. In addition to Fender, Guthrie named Handwerk, chair of the parole board, as a respondent in his petition. Guthrie alleged that there was no evidence that he

had possessed an operable firearm in violation of the terms of his parole and that the text messages that were sexual in nature did not violate the terms of his parole. He asserted that the revocation of his parole violated his rights to due process, free speech, and equal protection. Guthrie sought a declaratory judgment of wrongful imprisonment under R.C. 2743.48, a writ of habeas corpus ordering his release from prison, and a writ of mandamus ordering Fender and Handwerk "to comply with established controlling law" as specified in *Morrissey v. Brewer*, 408 U.S. 471, 484, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and other cases.

**{¶ 6}** The Eleventh District dismissed Guthrie's declaratory-judgment claim for lack of jurisdiction. The court also dismissed the habeas claim, holding that Guthrie had not alleged circumstances entitling him to immediate release from prison and that Guthrie had failed to file copies of all commitment papers as required under R.C. 2725.04(D). But the court held that Guthrie had stated a potentially viable mandamus claim against Handwerk because under the alleged facts, Guthrie could be entitled to a new parole-revocation hearing. The Eleventh District determined that Franklin County is the appropriate venue for adjudication of that claim and transferred the action to the Tenth District. The Eleventh District dismissed the mandamus claim as to Fender because the warden has no legal duty to conduct parole-revocation hearings.

**{¶ 7}** Guthrie appeals as of right to this court.

### Analysis

*Standard of review*

**{¶ 8}** We review de novo the Eleventh District's judgment dismissing Guthrie's declaratory-judgment and habeas corpus claims. *Lunsford v. Sterilite of Ohio, L.L.C.*, 162 Ohio St.3d 231, 2020-Ohio-4193, 165 N.E.3d 245, ¶ 22. We must accept as true all factual allegations in Guthrie's petition. *Id.* The petition was properly dismissed only if it appears beyond doubt from the petition that Guthrie can

prove no set of facts entitling him to relief. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus.

*Declaratory judgment*

{¶ 9} The Eleventh District's dismissal of Guthrie's declaratory-judgment claim was proper. "It is well settled that '[c]ourts of appeals lack original jurisdiction over claims for declaratory judgment.' " *State ex rel. E. Cleveland v. Dailey*, 160 Ohio St.3d 171, 2020-Ohio-3079, 154 N.E.3d 84, ¶ 4, quoting *State ex rel. Natl. Elec. Contrs. Assn., Ohio Conference v. Ohio Bur. of Emp. Servs.*, 83 Ohio St.3d 179, 180, 699 N.E.2d 64 (1998); *see also* Ohio Constitution, Article IV, Section 3(B)(1).

*Habeas corpus*

{¶ 10} "A writ of habeas corpus lies in certain extraordinary circumstances where there is an unlawful restraint of a person's liberty and there is no adequate remedy in the ordinary course of law." *Pegan v. Crawmer*, 76 Ohio St.3d 97, 99, 666 N.E.2d 1091 (1996). "A writ of habeas corpus is generally 'available only when the petitioner's maximum sentence has expired and he is being held unlawfully.' " *Leyman v. Bradshaw*, 146 Ohio St.3d 522, 2016-Ohio-1093, 59 N.E.3d 1236, ¶ 8, quoting *Heddleston v. Mack*, 84 Ohio St.3d 213, 214, 702 N.E.2d 1198 (1998). "[H]abeas corpus lies only if the petitioner is entitled to immediate release from confinement." *Scarberry v. Turner*, 139 Ohio St.3d 111, 2014-Ohio-1587, 9 N.E.3d 1022, ¶ 14.

{¶ 11} "[T]he revocation of parole implicates constitutional liberty interests and triggers certain due-process protections." *State ex rel. Womack v. Sloan*, 152 Ohio St.3d 32, 2017-Ohio-8708, 92 N.E.3d 836, ¶ 6, citing *Morrissey*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484. But "[t]he remedy for an alleged *Morrissey* due-process violation is a new hearing, not immediate release from confinement." *Scarberry* at ¶ 13. Habeas corpus generally "is the wrong remedy to challenge alleged due-process violations at a parole hearing." *Id.* at ¶ 14. When a revocation

hearing is conducted in violation of a person's due-process rights, the appropriate remedy generally is a writ of mandamus to compel a new hearing. *State ex rel. Ellison v. Black*, 165 Ohio St.3d 310, 2021-Ohio-3154, 178 N.E.3d 508, ¶ 12.

{¶ **12**} We have recognized an exception to this general rule, "in extreme circumstances involving unreasonable delay." *Id.* at ¶ 13, quoting *Scarberry* at ¶ 14. But Guthrie has not alleged unreasonable delay. Because Guthrie is not entitled to immediate release from confinement, the court of appeals properly dismissed the habeas corpus claim. Guthrie's potential remedy lies in mandamus.

Judgment affirmed.

O'CONNOR, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

KENNEDY, J., concurs in judgment only.

————————————

Russell Guthrie, pro se.

Dave Yost, Attorney General, and Jerri L. Fosnaught, Assistant Attorney General, for appellee.

————————————