[Cite as *Young v. Foley*, 2022-Ohio-2259.]

STATE OF OHIO )           IN THE COURT OF APPEALS
                    )ss:          NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN )

GEORGE R. YOUNG

    Petitioner

v.

KEITH J. FOLEY, WARDEN

    Respondent

C.A. No.    22CA011840

ORIGINAL ACTION IN
HABEAS CORPUS

Dated: June 30, 2022

PER CURIAM.

{¶1} Petitioner, George R. Young, has petitioned this Court for a writ of habeas corpus to compel Respondent, Warden Foley, to release him from custody. Because Mr. Young obviously cannot prevail on the facts alleged in his petition, this Court dismisses the case.

{¶2} Sua sponte dismissal of a petition, without notice, is appropriate only if the petition is frivolous or the claimant obviously cannot prevail on the facts alleged in the petition. *See, e.g., State ex rel. Duran v. Kelsey*, 106 Ohio St.3d 58, 2005-Ohio-3674, ¶ 7. Mr. Young cannot prevail on the facts alleged in his petition because he is, as a matter of law, not entitled to habeas corpus relief.

*Requirements for the Writ of Habeas Corpus*

{¶3} State habeas corpus relief is available in specific, extraordinary circumstances. R.C. Chapter 2725 prescribes the procedure for bringing a habeas corpus action. The petitioner must file a petition that contains specific, required, information. If this Court concludes that the petition states a facially valid claim, it must allow the writ. R.C. 2725.06. On the other hand, if

the petition fails to state a claim, this Court should dismiss the petition. *Chari v. Vore*, 91 Ohio St.3d 323, 327 (2001).

{¶4} For this Court to grant the writ, Mr. Young must demonstrate that there is an unlawful restraint of his liberty or that the judgment of conviction and sentence is void due to lack of jurisdiction. *Pegan v. Crawmer*, 76 Ohio St.3d 97, 99-100 (1996). Habeas corpus relief "is generally available only when the petitioner's maximum sentence has expired and he is being held unlawfully." (Citations and internal quotation marks omitted) *State ex rel. Guthrie v. Fender*, Slip Opinion No. 2022-Ohio-767, ¶ 10. In other words, habeas corpus relief is available only if the petitioner is entitled to immediate release from custody. *Id.*, quoting *Scarberry v. Turner*, 139 Ohio St.3d 111, 2014-Ohio-1587, ¶ 14.

### Mr. Young's claim

{¶5} According to Mr. Young's petition, he was convicted of several offenses, including multiple counts of felonious assault with firearm specifications. He alleges that his convictions are void because there was an error in the bindover procedure from the municipal court to the court of common pleas.

### Mr. Young is not entitled to the Writ

{¶6} Even if we assume, for the sake of argument, that Mr. Young is correct that an error in the bindover procedure resulted in a void judgment of conviction, he is not entitled to the writ of habeas corpus. One of the requirements for this Court to grant the writ of habeas corpus is that Mr. Young must be entitled to immediate release from prison. *See, e.g., Leyman v. Bradshaw*, 146 Ohio St.3d 522, 2016-Ohio-1093, ¶ 8.

{¶7} Mr. Young attached to his petition copies of his commitment papers, as required by R.C. 2725.04. In addition to the sentencing entry related to this case, Mr. Young included the

judgment of conviction for another case involving his convictions for rape and kidnapping. Upon review of that order, it is clear that Mr. Young is currently serving a sentence for another offense completely unrelated to the offenses he has challenged in this action. In 2016, Mr. Young was sentenced to serve 11 years for his rape conviction. *State v. Young*, Cuyahoga Cty. Comm. Pls. No. CR-13-573424-A. Further, according to the Ohio Department of Rehabilitation and Correction's Offender Search website, Mr. Young received an 11 year sentence effective in June 2016 and he received no days of jail time credit as part of his sentence. *See* https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A640832 (accessed April 13, 2022). *See, also, State ex rel. Hawkins v. Haas*, 141 Ohio St.3d 98, 2014-Ohio-5196, ¶ 4 (relying on Ohio Department of Rehabilitation and Correction Offender Search website to determine petitioner's incarceration status).

{¶8} Even if this Court accepted Mr. Young's arguments in his petition, Mr. Young is not eligible for immediate release from custody because he is also serving a sentence for rape. A petitioner must be eligible for immediate release from prison to be entitled to the writ of habeas corpus. *Leyman* at ¶ 8. Because Mr. Young is not eligible for immediate release from prison, he is not entitled to the writ of habeas corpus and this case must be dismissed.

{¶9} Costs are taxed to Mr. Young. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58.

JENNIFER L. HENSAL
FOR THE COURT

CARR, J.
SUTTON, J.
CONCUR.

APPEARANCES:

GEORGE R. YOUNG, Pro Se, Petitioner.