[Cite as *McCarry v. Neil*, 2015-Ohio-3155.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| MALIK MCCARRY, | : | CASE NO. C-150400 |
| Petitioner, | : | |
| vs. | : | *O P I N I O N.* |
| | : | |
| JIM NEIL, HAMILTON COUNTY SHERIFF, | : | |
| Respondent. | : | |

Original Action in Habeas Corpus

Judgment of Court: Writ Dismissed

Date of Judgment Entry: August 7, 2015

*Schuh and Goldberg, LLP*, and *Brian Goldberg*, for Petitioner,

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Judith Anton Lapp*, Assistant Prosecuting Attorney, for Respondent.

Please note: this case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1} In this original action, petitioner Malik McCarry filed a writ of habeas corpus against respondent Hamilton County Sheriff Jim Neil requesting reinstatement of McCarry's pretrial bond. The trial court revoked McCarry's bond and ordered him to be held without bond during the pendency of the case after a detective notified the court that the victim in the case had received threats to prevent the victim from testifying.

{¶2} McCarry argues in his petition that the trial court acted unreasonably in denying him bail. In support of his argument, McCarry points to the underlying aggravated-robbery offense and explains that a codefendant was alleged to have been the principal offender carrying a weapon. McCarry also argues that he had been in compliance with the conditions of his electronic-monitoring device, he had appeared at court hearings, and he had lived nearby with his mother. Finally, McCarry argues that the threats to the victim came from an unnamed third party, according to the detective.

{¶3} R.C. 2937.222 governs the denial of bail for certain felony offenses and provides a specific set of criteria that a judge must consider before denying bail to an offender, including the circumstances of the underlying offense, and the danger the defendant poses to any person in the community. *See* R.C. 2937.222(C). Notably, R.C. 2937.222(D)(1) provides that a trial court's denial of bond is a final, appealable order.

{¶4} Habeas corpus is an extraordinary writ and requires a petitioner to demonstrate that no adequate remedy at law exists. *See, e.g., Pointer v. Russo*, Slip Opinion No. 2015-Ohio-2078, ¶ 5. R.C. 2937.222(D)(1) provides an offender

challenging a trial court's denial of bond with an adequate remedy at law by way of an appeal. Thus, an offender who has been denied bond under R.C. 2937.222 cannot challenge the trial court's decision through a habeas-corpus action in a court of appeals. *See Coe v. McFaul*, 8th Dist. Cuyahoga No. 89749, 2007-Ohio-2104.

{¶5} Because McCarry has an adequate remedy at law to challenge the trial court's denial of his bond, we dismiss McCarry's habeas-corpus petition.

Writ dismissed.

**HENDON, P.J.,** and **DEWINE, J.,** concur.

Please note:
    The court has recorded its own entry on the date of the release of this opinion.

3