[Cite as *State ex rel. Garcia v. Baldwin*, 2022-Ohio-4534.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Chris M. Garcia,     :

      Petitioner,     :

     No. 22AP-91

v.     :

     (REGULAR CALENDAR)

Dallas Baldwin,     :
Sheriff of Franklin County,

    :

      Respondent.

    :

---

D E C I S I O N

Rendered on December 15, 2022

---

**On brief:** *Dennis C. Belli*, for petitioner.

**On brief:** *G. Gary Tyack*, Attorney General, and *Seth L. Gilbert*, for respondent.

---

IN HABEAS CORPUS
ON OBJECTIONS TO MAGISTRATE'S DECISION

MᶜGRATH, J.

{¶ 1} Petitioner, Chris M. Garcia, brought this original action requesting a writ of *habeas corpus* directing respondent, Dallas Baldwin, Sheriff of Franklin County, to release him from custody. On March 9, 2022, respondent filed a motion to dismiss the petition. On March 23, 2022, petitioner filed a motion for partial summary judgment, as well as a brief in opposition to the motion to dismiss and in support of his motion for partial summary judgment.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto. In that decision, the magistrate

recommended this court grant respondent's motion to dismiss and deny petitioner's motion for partial summary judgment.

{¶ 3} Petitioner raises three objections to the magistrate's decision, asserting the magistrate erred in concluding: (1) that upon a bondsman's surrender of a surety bond, the conditions of petitioner's release "need not continue" and a trial court is not required to set a new bond; (2) that, contrary to Crim.R. 46(I), a trial court has discretion to revoke bond when petitioner violates a condition of release; and (3) that, contrary to *State ex rel. Wesley v. Cuyahoga Cty. Court of Common Pleas*, 165 Ohio St.3d 574, 2021-Ohio-3489, petitioner cannot pursue his due process claim in a *habeas corpus* proceeding.

{¶ 4} Petitioner's first and second objections are interrelated and will be considered jointly. Petitioner first contends the magistrate erred in concluding that the conditions of a defendant's release "need not continue" upon a bondsmen's unilateral surrender of a surety bond, and that a trial court is not required to set a new bond under such circumstances. According to petitioner, the magistrate's ruling is based on a misinterpretation of Crim.R. 46(E). Petitioner further contends the magistrate erred in concluding the trial court was not required to set new conditions of bail after a "bond surrender" and had discretion to revoke bond when petitioner violated a condition of release.

{¶ 5} By way of background, on November 25, 2019, in Franklin C.P. No. 19CR-5931, Alleghany Casualty Company (through a power of attorney given to Andy Callif Bail Bonds), posted a $750,000 surety bond, with petitioner signing a personal recognizance of $10,000. Upon posting the $750,000 surety bond, Andy Callif Bail Bonds became responsible for ensuring petitioner's appearance at all future court dates (i.e., if petitioner were to fail to appear at the court's request, the surety bond would be subject to forfeiture, and the court could then enter a judgment against Andy Callif Bail Bonds for the total amount of the bond, $750,000). *See* R.C. 2937.35, 2937.36, and Crim.R. 46(I).

{¶ 6} In general, "[a] surety's preliminary obligation upon a bail bond is to insure that the defendant appears in court at the calling of the court." *State v. Stevens*, 8th Dist. No. 50252 (Feb. 27, 1986). While a surety risks forfeiture when it fails to meet its obligations to produce a defendant in court, "[t]he surety may, however, be exonerated from a bail forfeiture as provided by law." *Id.*, citing Crim.R. 46. R.C. 2937.40 provides one mechanism for a bondsman to discharge its duties and obligations.

{¶ 7} In the instant case, Andy Callif Bail Bonds surrendered petitioner's bond pursuant to R.C. 2937.40(A)(1)(b). On June 1, 2021, a written request for a "bond surrender" was made with the clerk of courts, and a warrant for petitioner's arrest was issued. On June 2, 2021, the sheriff took custody of petitioner and placed him in jail. This action relieved Andy Callif Bail Bonds for any obligations related to petitioner and his appearance at future court dates.

{¶ 8} Crim.R. 46(E), which instructs on how bail is maintained throughout a criminal case, states in part that the "conditions of release shall continue until the return of a verdict or the entry of a guilty plea, or a no-contest plea, and may continue thereafter pending sentence or disposition of the case on review." Such continuance, however, is not absolute. Rather, the conditions of release continue "[u]nless modified by the judicial officer, or if application is made by a surety for discharge from a bond pursuant to R.C. 2937.40." Therefore, when an application is made pursuant to R.C. 2937.40, the conditions of release will not continue.

{¶ 9} In the present case, because Andy Callif Bail Bonds made an application for discharge from a bond according to the procedure found in R.C. 2937.40, the $750,000 surety and related bail conditions did not continue pursuant to Crim.R. 46(E). While the "bond surrender" mechanism ends the continuation of the bail previously posted, it does not terminate petitioner's potential to obtain a bond. Rather, petitioner's remedy was to file a request for a bond hearing in order for the judge to consider setting a bond. Under the facts presented, the surety filed the "bond surrender" on June 1, 2021, and petitioner was arrested and taken back into custody on June 2, 2021. That same day, petitioner, through counsel, filed a request for a bond hearing and the trial court set a bond hearing date of June 10, 2021. At the June 10, 2021 bond hearing, after hearing arguments of counsel and reviewing the appropriate law, the trial court revoked petitioner's bond and set the matter for trial.

{¶ 10} Following the June 10, 2021 bond hearing, in which the court revoked petitioner's bond, petitioner's new counsel made another request for a bond hearing. On December 14, 2021, the trial court conducted another hearing and made no change to the bond, i.e., it remained revoked.

{¶ 11} A court may set a new bond after a bond is discharged, although the court is not required to do so. *See, e.g., State v. Stephens*, 30 Ohio St.3d 25 (1987). "A trial judge

is vested with discretion by Crim.R. 46(E) and (I) to amend the terms and conditions of bond * * *, including the revocation of bond as provided by law." *In re Wesley v. Cuyahoga Cty. Court of Common Pleas*, 8th Dist. No. 109930, 2020-Ohio-4921, ¶ 17, *judgment aff'd.* in *Wesley*, 2021-Ohio-3489, citing *State v. Smith*, 2d Dist. No. 28265, 2019-Ohio-5015, ¶ 42-43; *In re Mason*, 116 Ohio App.3d 451 (7th Dist.1996) (trial court is within its discretion to revoke and not reinstate bond); *Fortner v. Sigsworth*, 6th Dist. No. L-12-1175, 2012-Ohio-3609 (a trial court has discretion to revoke bond and hold a defendant in custody pending trial where the defendant violated conditions of bond); *State v. Kremer*, 12th Dist. No. CA2017-07-115, 2018-Ohio-3339 (trial court did not abuse its discretion by revoking the defendant's bail and ordering that he be held in custody until trial without a new bail amount being set).

{¶ 12} In the present case, after the "bond surrender" procedure (pursuant to R.C. 2937.40(A)(1)(b) and Crim.R. 46(E)), the trial court, at petitioner's requests, held two separate bond hearings. Based on the information the trial court received concerning petitioner's violation of the conditions of bond, the trial court chose to revoke bond. Under such circumstances, petitioner had no right to continuation of the bail posted by the surety once the surety surrendered the bond and, based on the authority cited above, the trial court was within its discretion to revoke bond. Accordingly, we find the magistrate committed no error in relation to petitioner's first and second objections, and those objections are overruled.

{¶ 13} In his third objection, petitioner argues the magistrate's conclusion that he could not pursue a due process claim in a *habeas corpus* proceeding is contrary to the Supreme Court of Ohio's decision in *Wesley*, 2021-Ohio-3489. While *Wesley*, 2021-Ohio-3489 stands for the proposition that "[a] petition for a writ of habeas corpus is the proper cause of action for a person seeking to challenge the unlawful restraint of his liberty due to excessive bail or the complete denial of bail," *id*. at ¶ 11, the Supreme Court did not address the issue of whether an independent due process claim is available in a *habeas corpus* proceeding. On this issue, the Supreme Court has previously held that "due-process claims are not cognizable in habeas corpus." *State ex rel. Barnette v. Hill*, ____ Ohio St.3d ____, 2022-Ohio-2469, ¶ 9.

{¶ 14} In *State ex rel. Guthrie v. Fender,* 168 Ohio St.3d 75, 2022-Ohio-767, ¶ 11, the Supreme Court held in part:

"[T]he revocation of parole implicates constitutional liberty interests and triggers certain due-process protections." *State ex rel. Womack v. Sloan*, 152 Ohio St.3d 32, 2017-Ohio-8708, * * * ¶ 6, citing *Morrissey* [*v. Brewer*], 408 U.S. 471 * * *. But "[t]he remedy for an alleged *Morrissey* due-process violation is a new hearing, not immediate release from confinement." *Scarberry* [*v. Turner*, 139 Ohio St.3d 111, 2014-Ohio-1587] ¶ 13. Habeas corpus generally "is the wrong remedy to challenge alleged due-process violations at a parole hearing." *Id*. at ¶ 14. When a revocation hearing is conducted in violation of a person's due-process rights, the appropriate remedy generally is a writ of mandamus to compel a new hearing. *State ex rel. Ellison v. Black*, 165 Ohio St.3d 310, 2021-Ohio-3154, * * * ¶ 12.

{¶ 15} Further, while the Supreme Court has "recognized an exception to this general rule, ' "in extreme circumstances involving unreasonable delay," ' " *id*. at ¶ 12, quoting *Ellison v. Black*, 165 Ohio St.3d 310, 2021-Ohio-3154, ¶ 13, quoting *Scarberry v. Turner*, 139 Ohio St.3d 111, 2014-Ohio-1587, ¶ 14, the magistrate in this case found no basis for that exception. We find no error with that determination and, accordingly, overrule the third objection.

{¶ 16} Upon review of the magistrate's decision, an independent review of the record, and due consideration of petitioner's objections, we find the magistrate has properly determined the pertinent facts and applied the appropriate law. Accordingly, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, and having overruled petitioner's objections, this court grants respondent's motion to dismiss petitioner's complaint for a writ of *habeas corpus* and denies petitioner's motion for partial summary judgment.

*Respondent's motion to dismiss granted;*
*petitioner's motion for partial summary judgment denied.*

KLATT and DORRIAN, JJ., concur.

———————————

[Cite as *State ex rel. Garcia v. Baldwin*, 2022-Ohio-4534.]

APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Chris M. Garcia, | : | |
| Petitioner, | : | |
| v. | : | No. 22AP-91 |
| Dallas Baldwin,<br>Sheriff of Franklin County, | : | (REGULAR CALENDAR) |
| Respondent. | : | |
| | : | |

---

MAGISTRATE'S DECISION

Rendered on April 29, 2022

---

*Dennis C. Belli*, for petitioner.

*G. Gary Tyack*, Attorney General, and *Seth L. Gilbert*, for respondent.

---

IN HABEAS CORPUS
ON MOTIONS

{¶ 17} Petitioner, Chris M. Garcia, has filed this original action requesting that this court issue a writ of habeas corpus. Respondent Dallas Baldwin, Franklin County Sheriff, has filed a March 9, 2022, motion to dismiss the petition. Petitioner has filed a March 23, 2022, motion for partial summary judgment.

Findings of Fact:

{¶ 18}  1. Petitioner is an inmate incarcerated at Franklin County Correction Center II, in Columbus, Ohio.

{¶ 19}  2. Respondent is the Franklin County Sheriff.

{¶ 20}  3. In his petition, petitioner alleges that on November 3, 2019, he was arrested and charged with one count of kidnapping in Franklin M.C. No. 2019 CRA 020416. On November 5, 2019, petitioner appeared before a Franklin County Municipal Court judge, and the court set bond in the amount of $250,000 surety subject to certain conditions.

{¶ 21}  4. In his petition, petitioner alleges that on November 5, 2019, Andy Callif Bail Bonds and Alleghany Casualty Company posted a $250,000 surety bond with the municipal court clerk of courts, and petitioner was released from custody.

{¶ 22}  5. In his petition, petitioner alleges that on November 14, 2019, he appeared before the municipal court for a preliminary hearing, and the municipal court dismissed the kidnapping complaint. On the same date, petitioner was indicted on three counts of rape and one count of kidnapping with a firearm specification in Franklin C.P. No. 19CR-5931. An arrest warrant was issued for petitioner, and he was subsequently arrested and incarcerated.

{¶ 23}  6. In his petition, petitioner alleges that on November 20, 2019, he appeared before the common pleas court for arraignment, where he entered not-guilty pleas, and the magistrate set bond in the amount of $750,000 surety and $10,000 recognizance, subject to certain conditions.

{¶ 24}  7. In his petition, petitioner alleges that on November 25, 2019, Andy Callif Bail Bonds and Alleghany Casualty Company posted a $750,000 surety bond with the common pleas clerk of courts, and petitioner executed a $10,000 recognizance bond. Petitioner was subsequently released from custody.

{¶ 25}  8. In his petition, petitioner alleges that on March 20, 2020, the prosecutor filed a motion for reconsideration of petitioner's bond, based on petitioner's failure to comply with the conditions of his bond, citing a nonspecific concern for the safety of the victim.

{¶ 26} 9. In his petition, petitioner alleges that a hearing on the motion for reconsideration of his bond was held, and the court ordered "no change" to the conditions of the bond.

{¶ 27} 10. In his petition, petitioner alleges that on August 7, 2020, he was indicted on two counts of trafficking in drugs and one count of tampering with evidence, in Franklin C.P. No. 20CR-3653.

{¶ 28} 11. In his petition, petitioner alleges that on August 21, 2020, he appeared for arraignment in case No. 20CR-3653 and entered not-guilty pleas. The judge released petitioner on a $5,000 recognizance bond subject to conditions. The two cases were eventually consolidated.

{¶ 29} 12. In his petition, petitioner alleges that on June 1, 2021, in case No. 19CR-5931, Andy Callif Bail Bonds filed a "bond surrender" with the clerk of courts, which asserted nonspecifically that petitioner had failed to comply with the terms and conditions of the bond. The judge issued a capias for petitioner's arrest the same day, and petitioner was returned to custody on June 2, 2021.

{¶ 30} 13. In his petition, petitioner alleges that his counsel filed a motion for bond hearing, and on June 10, 2021, the court held a hearing on the bail surrender document. At the hearing, the prosecutor requested that the bond be revoked, asserting only that the bondsman was no longer willing to stand behind his bond. No representative from the bail bond company appeared at the hearing. The court filed a criminal disposition sheet indicating that the bond had been "revoked" due to petitioner's failure to comply with its terms.

{¶ 31} 14. In his petition, petitioner alleges that on October 26, 2021, his new counsel filed a motion for bond hearing, and the court conducted a hearing on December 14, 2021.

{¶ 32} 15. In his petition, petitioner alleges that at the December 14, 2021, bond hearing, the prosecutor represented that the bail bond company surrendered the surety bond based upon petitioner's attempts to obtain the phone number of the attorney for the alleged victim and the company's concerns for the threats involving those attempts. No representative from the bail bond company appeared at the hearing. Petitioner's counsel argued that the court had no affidavit, had no witness to substantiate the allegation, and

had no idea where the allegation started or whether it was a rumor. At the conclusion of the hearing, the court announced it was denying any change in bond. After defense counsel asked whether the $750,000 bond remained in place or there was no bond, the judge responded that the court understood the bond was revoked. Petitioner remained incarcerated.

{¶ 33} 16. On February 9, 2022, petitioner filed the present petition for a writ of habeas corpus, asserting respondent was unlawfully detaining him pending trial for the following reasons: (1) Crim.R. 46 allows a court to amend the bail when a defendant breaches a condition of his bond but does not authorize the court to detain a defendant without bond for violating a release condition; (2) R.C. 2937.222 governs the procedure for detaining a defendant without bond when it is alleged he poses a substantial risk of serious physical harm to any person or the community; (3) any proceeding to detain a defendant without a bond for a violation of a condition, and/or to deny his motion to be re-released on bond, must comply with the procedural requirements of R.C. 2937.222; (4) a proceeding to revoke bond and deny readmission to bond must also comply with the procedural due process requirements of the Fourteenth Amendment to the United States Constitution; (5) the prosecutor did not file a motion to detain petitioner without bond pursuant to R.C. 2937.222(A), and the court did not invoke the provisions of the statute on its own motion; (6) the June 10, 2021, bond surrender hearing did not comply with the procedural requirements of the Fourteenth Amendment or R.C. 2937.222; and (7) the December 14, 2021, hearing on petitioner's second motion for bond did not cure the procedural deficiencies, as the prosecutor's vague assertion that petitioner asked about the address of the alleged victim's attorney did not implicate or prove a violation of a condition of bond.

{¶ 34} 17. On March 9, 2022, respondent filed a motion to dismiss the petition.

{¶ 35} 18. On March 23, 2022, petitioner filed a motion for partial summary judgment.

Conclusions of Law:

{¶ 36} The magistrate recommends that this court grant respondent's motion to dismiss this action and deny petitioner's motion for partial summary judgment.

{¶ 37} A writ of habeas corpus is an extraordinary remedy that is appropriate only when the petitioner is entitled to immediate release from confinement. *State ex rel. Jackson*

*v. McFaul*, 73 Ohio St.3d 185, 188 (1995). In order to be entitled to a writ of habeas corpus, petitioner must show that he is being unlawfully restrained of his liberty under R.C. 2725.01 and that he is entitled to immediate release from his imprisonment. *State ex rel. Cannon v. Mohr*, 155 Ohio St.3d 213, 2018-Ohio-4184, ¶ 10. A writ of habeas corpus is available only when there is no adequate remedy in the ordinary course of the law. *Steele v. Harris*, 161 Ohio St.3d 407, 2020-Ohio-5480,¶ 13.

{¶ 38} A motion to dismiss pursuant to Civ.R. 12(B)(6) tests the sufficiency of the complaint. "In order for a court to dismiss a case pursuant to Civ.R. 12(B)(6) 'it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.' " *T & M Machines, LLC v. Yost*, 10th Dist. No. 19AP-124, 2020-Ohio-551, ¶ 10, quoting *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. In construing a complaint upon a Civ.R. 12(B)(6) motion, a court must presume that all factual allegations in the complaint are true and make all reasonable inferences in the plaintiff's favor. *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, ¶ 14. In applying the foregoing standard, a court can consider the basic allegations in the petition itself and any materials attached to the petition. *State ex rel. Crabtree v. Franklin Cty. Bd. of Health*, 77 Ohio St.3d 247, 249, fn. 1 (1997).

{¶ 39} In reviewing a motion for summary judgment, a court must consider whether: (1) there is a genuine issue of material fact to be litigated; (2) viewing the evidence in a light most favorable to the non-moving party, reasonable minds can come to but one conclusion; and (3) the moving party is entitled to judgment as a matter of law. Civ.R. 56(B); *Wing v. Anchor Media, Ltd. of Texas.*, 59 Ohio St.3d 108 (1991).

{¶ 40} R.C. 2937.40 provides, in pertinent part:

> (A) Bail of any type that is deposited under sections 2937.22 to 2937.45 of the Revised Code or Criminal Rule 46 by a person other than the accused shall be discharged and released, and sureties on recognizances shall be released, in any of the following ways:

> (1) When a surety on a recognizance or the depositor of cash or securities as bail for an accused desires to surrender the accused before the appearance date, the surety is discharged from further responsibility or the deposit is redeemed in either of the following ways:

\* \* \*

(b) When, on the written request of the surety or depositor, the clerk of the court to which recognizance is returnable or in which deposit is made issues to the sheriff a warrant for the arrest of the accused and the sheriff indicates on the return that he holds the accused in his jail.

Crim.R. 46 provides:

(E) Continuation of bail.

When a judicial officer, either on motion of a party or on the court's own motion, determines that the considerations set forth in subsections (B) and (C) require a modification of the conditions of release, the judicial officer may order additional or different types, amounts or conditions of bail, or may eliminate or lessen conditions of bail determined to be no longer necessary. Unless a modification is agreed to by the parties, the court shall hold a hearing on the modification of bond as promptly as possible. Unless modified by the judicial officer, or if application is made by a surety for discharge from a bond pursuant to R.C. 2937.40, conditions of release shall continue until the return of a verdict or the entry of a guilty plea, or a no-contest plea, and may continue thereafter pending sentence or disposition of the case on review.

\* \* \*

(I) Failure to appear; breach of conditions.

Any person who fails to appear before any court as required is subject to the punishment provided by the law, and any bond given for the person's release may be forfeited. If there is a breach of condition of release, the court may amend the bail.

{¶ 41} R.C. 2937.222

(A) On the motion of the prosecuting attorney or on the judge's own motion, the judge shall hold a hearing to determine whether an accused person \* \* \* shall be denied bail. \* \* \*

At the hearing, the accused has the right to be represented by counsel and, if the accused is indigent, to have counsel appointed. The judge shall afford the accused an opportunity

> to testify, to present witnesses and other information, and to cross-examine witnesses who appear at the hearing. * * * [T]he state has the burden of proving that the proof is evident or the presumption great that the accused committed the offense with which the accused is charged, of proving that the accused poses a substantial risk of serious physical harm to any person or to the community, and of proving that no release conditions will reasonably assure the safety of that person and the community.

{¶ 42} In the present case, respondent argues in his motion to dismiss that petitioner's complaint should be dismissed on two alternative grounds. As for the initial ground, respondent asserts that, after Andy Callif Bail Bonds surrendered the bond on June 1, 2021, pursuant to the surrender procedure in R.C. 2937.40(A)(1)(b) and Crim.R. 46(E), petitioner had no right to continuation of bail, and the court was not required to set a new bond. Alternatively, respondent contends that, even if the trial court "revoked" the bond instead of the bond being "surrendered" by Andy Callif Bail Bonds, the record also supported revoking petitioner's bond based on the respondent's failure to comply with the terms and conditions of bond. Respondent indicates that, at the December 14, 2021, bond hearing, the prosecutor explained that petitioner had made threats to the attorney representing the victim, which was a violation of the condition of bail prohibiting petitioner from having direct or indirect contact with the victim. Respondent also argues that, contrary to petitioner's complaint, petitioner was not actually denied bail, so the procedures set forth in R.C. 2937.222 for declining bail are not applicable. Finally, respondent asserts that a habeas petition is not the appropriate procedural vehicle to raise an independent due process claim, and, even if it were, Andy Callif Bail Bonds could surrender the bond at any time and for any reason.

{¶ 43} After review of respondent's first ground for dismissal and the pertinent law set forth above, the magistrate agrees with respondent insofar as, once Andy Callif Bail Bonds surrendered the bond pursuant to R.C. 2937.40(A)(1)(b), the conditions of bail were not required to continue. As quoted above, Crim.R. 46(E) indicates, in pertinent part, "Unless * * * application is made by a surety for discharge from a bond pursuant to R.C. 2937.40, conditions of release shall continue." Stated otherwise, if a surety is applied for discharge from a bond pursuant to R.C. 2937.40, the conditions of release need not continue.

**{¶ 44}** The magistrate also agrees with respondent's subsequent proposition that the court was not then required to set a new bond. A court may set a new bond after a bond is discharged. *See, e.g., State v. Stevens*, 30 Ohio St.3d 25 (1987) (surety filed a motion with the trial court to discharge it from further obligation and liability on the bond, the motion was granted by the court, and the court then set a new bond). In the present case, although Andy Callif Bail Bonds sought discharge from the bond via the filing of a "bond surrender" with the clerk of courts, the trial court specifically found that it had revoked the bond based on petitioner's violation of the conditions of bond. In *Wesley v. Cuyahoga Cty. Court of Common Pleas*, 8th Dist. No. 109930, 2020-Ohio-4921, *judgment affirmed* in *State ex rel. Wesley v. Cuyahoga Cty. Court of Common Pleas*, 165 Ohio St.3d 574, 2021-Ohio-3489, the appellate court found that "[a] trial judge is vested with discretion by Crim.R. 46(E) and (I) to amend the terms and conditions of bond * * *, including the revocation of bond as provided by law." *Id.* at ¶ 17, citing *State v. Smith*, 2d Dist. No. 28265, 2019-Ohio-5015, ¶ 42-43 (addressing the identical language in former Crim.R. 46(I), and the language in former Crim.R. 46(H), which is now included in Crim.R. 46(E)). The court in *Wesley* then cited *In re Mason*, 116 Ohio App.3d 451 (7th Dist.1996), a habeas corpus action in which the court found that a trial court is within its discretion to revoke and not reinstate bond. *See In re Mason* at 454 (finding that, where an accused is free on bail, and the court determines that the accused has violated conditions of bail, a court may revoke bond and detain the person attempting to thwart the proper functioning of the criminal justice system pursuant to its inherent powers; it would almost seem that the court could be abusing its discretion if it did not revoke the bond under such serious circumstances).

**{¶ 45}** The court in *Wesley* also cited *Fortner v. Sigsworth*, 6th Dist. No. L-12-1175, 2012-Ohio-3609, in which the appellate court found that a trial court has discretion to revoke bond and hold a defendant in custody pending trial where the defendant violated conditions of bond. The court in *Wesley* noted that relief in habeas corpus is not assured in cases where a petitioner is claiming entitlement to reasonable bail and the opportunity to post bond, citing the holding in *Fortner* that, " 'having established that the trial court had both jurisdiction and authority to find that appellant violated the conditions of his bond and to revoke the bond, we find that petitioner is not entitled to a writ of habeas corpus.' " *Wesley* at fn. 2, quoting *Fortner* at ¶ 11.

{¶ 46} The court in *Wesley* also cited *State v. Kremer*, 12th Dist. No. CA2017-07-115, 2018-Ohio-3339. In *Kremer*, the defendant was indicted and released on electronic monitoring pending trial, but the day before he was scheduled to appear for a negotiated plea hearing, he removed his monitoring device and was found selling drugs, which led to new charges. The court in *Kremer* concluded that, based on these facts, the trial court did not abuse its discretion by revoking the defendant's bail and ordering that he be held in custody until trial without a new bail amount being set.

{¶ 47} Based on the above cases, the magistrate agrees with respondent that, after Andy Callif Bail Bonds surrendered the bond on June 1, 2021, pursuant to the surrender procedure in R.C. 2937.40(A)(1)(b) and Crim.R. 46(E), and the trial court "revoked" the bond based on petitioner's violation of the conditions of bond, the petitioner had no right to continuation of bail, and the court was not required to set a new bond.

{¶ 48} However, this conclusion does not end the present inquiry. In his habeas corpus petition, petitioner raises grounds for relief pertaining to the application of R.C. 2937.222 and due process violations. These issues were the basis of petitioner's motion for partial summary judgment, as well as respondent's alternative ground for dismissal. In his motion for partial summary judgment, petitioner argues that he is entitled to judgment as a matter of law on his claim that his detention in the county jail without bond is unlawful. Petitioner first asserts that the trial court lacked authority to revoke his bond and/or deny his motions for bond. He points to Crim.R. 46(I) to argue that the court may only "amend" the bail based upon a breach of condition of bail, not revoke bond. Petitioner also contends that R.C. 2937.222 governs the procedure for detaining a defendant without bond and requires several procedural safeguards, and the court did not follow the statute or even invoke the provisions of the statute in denying bond. Respondent also asserts that, even if the trial court had authority to deny his motions for bond, the court violated his due process rights when it summarily did so.

{¶ 49} Petitioner is not entitled to partial summary judgment. With regard to his argument that Crim.R. 46(I) permits a court to only "amend" bail based on a breach of condition of bail, not revoke bond, as already explained above, the court in *Wesley* found that "[a] trial judge is vested with discretion by Crim.R. 46(E) and (I) to amend the terms and conditions of bond following violations of such conditions, including the revocation of

bond as provided by law." *Id.* at ¶ 17, citing *Smith* at ¶ 42-43 (addressing the former but identical version of Crim.R. 46(I)). Therefore, a court has discretion pursuant to Crim.R. 46(I) to revoke bond when a defendant violates a condition of bail.

{¶ 50} Still, petitioner insists that even if the court could revoke the bond, R.C. 2937.222 governs the procedure for detaining a defendant without bond and requires several procedural safeguards, and the court failed to follow the statute or even invoke the provisions of the statute in failing to set a new bond. The record is unclear whether the court believed it was revoking petitioner's bond pursuant to R.C. 2937.222 or its inherent power to deny bond, as respondent suggests. There is little Ohio authority discussing the inherent authority of the trial court to revoke a bond versus the revocation of bond pursuant to R.C. 2937.222. *See, e.g., State v. Henderson*, 10th Dist. No. 16AP-870, 2017-Ohio-2678 (in direct appeal of bond revocation without setting new bond, the State of Ohio argued that R.C. 2937.222 does not apply, asserting the trial court revoked the defendant's bond, pursuant to its inherent powers, rather than under the statute, but the court never reached the issue). Nevertheless, it is noteworthy that in the above cited cases in which the appellate courts found that the trial courts had the authority to revoke bond and not set a new bond, none of the cases cited R.C. 2937.222 or apparently conducted an analysis based on that statute, lending support to respondent's contention that the court can deny bond based on its inherent authority rather than under R.C. 2937.222.

{¶ 51} Notwithstanding, even if the trial court was required to follow R.C. 2937.222, an adequate remedy exists by way of appeal. In *McCarry v. Neil*, 1st Dist. No. C-150400, 2015-Ohio-3155, ¶ 3-4, the trial court revoked the petitioner's bond and ordered him to be held without bond during the pendency of the case after a detective notified the court that the victim in the case had received threats to prevent the victim from testifying. The petitioner filed a writ of habeas corpus requesting reinstatement of pretrial bond. The court of appeals found that R.C. 2937.222 governs the denial of bail for certain felony offenses and provides a specific set of criteria that a judge must consider before denying bail to an offender; however, because R.C. 2937.222(D)(1) provides that a trial court's denial of bond is a final, appealable order, petitioner could not demonstrate that no adequate remedy at law existed and could not challenge the trial court's decision through a habeas corpus action in a court of appeals. *Id.* at ¶ 4, citing *Coe v. McFaul*, 8th Dist. No. 89749, 2007-Ohio-2104,

¶ 5 (a writ of habeas corpus is not appropriate because there exists an adequate remedy at law through an appeal, pursuant to R.C. 2937.222(D)(1), of the trial court's final, appealable judgment, which revoked the original bond set in the amount of $2,500 and did not reinstate the original bond or set a new bond). Notably, in neither *McCarry* nor *Coe*, did the facts indicate that the trial court invoked R.C. 2937.222 or engaged in any findings pursuant to R.C. 2937.222 in revoking bond and ordering the defendant held pending trial. Instead, the appellate courts apparently found that the failure to follow R.C. 2937.222 resulted in a final, appealable order pursuant to R.C. 2937.222(D)(1).

{¶ **52**} The magistrate notes the decision in *State v. Hawkins*, 8th Dist. No. 109097, 2019-Ohio-5132. In *Hawkins*, the trial court granted the state's request to revoke the defendant's bond, and denied him any pretrial bail. On appeal, a majority of the panel remanded the matter to the trial court for the limited purpose of issuing findings pursuant to R.C. 2937.222(B), and the trial court subsequently issued a journal entry complying with the limited remand and issuing findings of fact under R.C. 2937.222. Although the dissenting opinion criticized the majority's procedure of issuing a mid-appeal remand for the trial court to make findings that it was statutorily required to make prior to revoking bond and denying pretrial bail pursuant to R.C. 2937.222, the import of *Hawkins*, as pertinent to the present case, is that the defendant's remedy for the trial court's failure to invoke or make findings pursuant to R.C. 2937.222 was an appeal and not an original action in habeas corpus. Therefore, here, even if the trial court was required to invoke and comply with R.C. 2937.222 when it refused to set a new bail after revoking the bond, petitioner had an adequate remedy at law by way of direct appeal.

{¶ **53**} Petitioner asserts that, even if the court had inherent authority to revoke his bond or deny his motions for bond, as respondent suggests, the court violated his due process rights when it summarily did so. However, even if it could be said that the trial court was exercising its inherent authority to revoke the bond and deny a new bond, Fourteenth Amendment due-process violations are generally not cognizable in habeas corpus. *Jackson v. Johnson*, 135 Ohio St.3d 364, 2013-Ohio-999, ¶ 3. The Supreme Court of Ohio has held that habeas corpus will lie as a remedy for a due-process violation only in " 'extreme circumstances involving unreasonable delay.' " *State ex rel. Ellison v. Black*, 165 Ohio St.3d

310, 2021-Ohio-3154, ¶ 1, quoting *Scarberry v. Turner*, 139 Ohio St.3d 111, 2014-Ohio-1587, ¶ 14. Therefore, petitioner has not stated a valid ground for relief, in this respect.

{¶ 54} Therefore, the magistrate finds that, presuming all factual allegations in the complaint are true and making all reasonable inferences in petitioner's favor, it appears beyond doubt from the complaint that petitioner can prove no set of facts entitling him to recovery. Furthermore, the magistrate finds there remain no genuine issues of material fact to be litigated, and that petitioner is not entitled to judgment as a matter of law on the issues raised in his motion. Petitioner cannot show he is being unlawfully restrained of his liberty and entitled to immediate release from confinement based on Crim.R. 46, R.C. 2937.222, or the inherent authority of the court.

{¶ 55} Accordingly, it is the magistrate's decision that this court should grant respondent's motion to dismiss petitioner's complaint for writ of habeas corpus and deny petitioner's motion for partial summary judgment.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).