[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Plaza v. Black*, Slip Opinion No. 2024-Ohio-853.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-853

PLAZA, APPELLANT, *v.* BLACK, WARDEN, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Plaza v. Black*, Slip Opinion No. 2024-Ohio-853.]**

*Habeas corpus—Parole revocation—Appellant's petition failed to state with sufficient specificity facts that would entitle him to habeas relief—Court of appeals' judgment granting warden's motion to dismiss affirmed.*

(No. 2023-0762—Submitted December 12, 2023—Decided March 12, 2024.)

APPEAL from the Court of Appeals for Lorain County,

No. 22CA011932, 2023-Ohio-1787.

_____

**Per Curiam.**

**{¶ 1}** Appellant, Robert Plaza, who is serving an indeterminate prison sentence of ten years to life at the Grafton Correctional Institution ("GCI"), appeals the judgment of the Ninth District Court of Appeals dismissing his petition for a writ of habeas corpus against appellee, Jennifer Black, the warden of the Lorain Correctional Institution ("LCI").  Plaza argued, among other things, that he was

denied a preliminary hearing to determine whether there was probable cause to believe that he had violated the conditions of his parole, that he was denied due process of law, and that he was entitled to immediate release from prison. The Ninth District granted the warden's motion to dismiss. Plaza has appealed as of right. We affirm the lower court's judgment, but we do so on alternative grounds.

## FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} In December 2022, Plaza was incarcerated at LCI in Lorain County for convictions arising out of multiple cases in Cuyahoga County in 2003. Plaza filed a petition for a writ of habeas corpus in the Court of Appeals for Lorain County, which falls within the Ninth Appellate District. His petition alleged several claims stemming from the Adult Parole Authority's ("APA") decision to revoke his parole in June 2022. In January 2023, the warden filed a motion to dismiss Plaza's petition under Civ.R. 12(B)(6).

{¶ 3} In March 2023, while his petition was still pending, Plaza filed with the court of appeals a notice of change of address indicating that he had been transferred to the Richland Correctional Institution ("RCI") in Richland County, which falls within Ohio's Fifth Appellate District. Then, on May 22, the court of appeals docketed Plaza's second notice of change of address, which stated that Plaza had been transferred to GCI, a facility located in Lorain County. Just over a week later, the Ninth District issued its opinion, dismissing Plaza's petition for lack of territorial jurisdiction. 2023-Ohio-1787, ¶ 5. Specifically, the court cited Plaza's first notice of change of address and explained that "Mr. Plaza is no longer incarcerated in Lorain County in the territorial jurisdiction of the Lorain County Court of Appeals." *Id*. at ¶ 3. The court of appeals made no mention of Plaza's second notice of change of address.

## ANALYSIS

{¶ 4} To be entitled to a writ of habeas corpus, Plaza "must show that he is being unlawfully restrained of his liberty and that he is entitled to immediate release

from prison or confinement." *State ex rel. Ellison v. Black*, 165 Ohio St.3d 310, 2021-Ohio-3154, 178 N.E.3d 508, ¶ 9, citing R.C. 2725.01 and *State ex rel. Cannon v. Mohr*, 155 Ohio St.3d 213, 2018-Ohio-4184, 120 N.E.3d 776, ¶ 10. We review de novo a decision granting a motion to dismiss a habeas petition under Civ.R. 12(B)(6). *State ex rel. Slaughter v. Foley*, 166 Ohio St.3d 222, 2021-Ohio-4049, 184 N.E.3d 87, ¶ 8.

{¶ 5} The court of appeals dismissed Plaza's petition based on R.C. 2725.03, which states:

> If a person restrained of his liberty is an inmate of a state * * * correctional institution, the location of which is fixed by statute and at the time is in the custody of the officers of the institution, no court or judge other than the courts or judges of the county in which the institution is located has jurisdiction to issue or determine a writ of habeas corpus for his production or discharge.

{¶ 6} We have strictly construed the rule regarding territorial jurisdiction and have dismissed noncomplying habeas corpus petitions. *See, e.g.*, *Brown v. Hall*, 123 Ohio St.3d 381, 2009-Ohio-5592, 916 N.E.2d 807, ¶ 1 (holding that "even though [the habeas] petition reached the same district court of appeals it would have had it been filed in the correct county, the court of appeals still lacked jurisdiction to determine the merits"); *Goudlock v. Voorhies*, 119 Ohio St.3d 398, 2008-Ohio-4787, 894 N.E.2d 692, ¶ 17 (affirming ruling dismissing habeas corpus petition that was filed in a county in the correct appellate district but not in the county where the inmate was housed).

{¶ 7} Plaza, however, argues that because he was transferred back to GCI in Lorain County before the court of appeals disposed of his habeas petition, the court erred when it dismissed his petition based on R.C. 2725.03. Plaza reasons

that his brief incarceration at RCI, which falls within the Fifth Appellate District instead of the Ninth Appellate District, did not defeat the court's jurisdiction over his petition.

{¶ 8} Plaza's argument has merit. When Plaza filed his petition, he was incarcerated at LCI in Lorain County; therefore, he correctly filed his petition in the Court of Appeals for Lorain County in the Ninth Appellate District. And because Plaza was incarcerated at GCI, also located in Lorain County, when the court "determine[d] [his] writ of habeas corpus," R.C. 2725.03, its dismissal on the ground of territorial jurisdiction was incorrect. To be sure, the warden's brief acknowledges that "the lower court appears to have possessed both territorial jurisdiction and personal jurisdiction," but nonetheless, the warden urges this court to affirm based on alternative grounds relating to Plaza's choice to pursue habeas relief rather than a writ of mandamus.

{¶ 9} We find the warden's argument persuasive. Despite the court of appeals' error, in reviewing the petition de novo, we conclude that Plaza's allegations do not state a claim cognizable in habeas corpus. We have held that in the context of parole revocation, "habeas corpus will lie as a remedy for a due-process violation only in 'extreme circumstances involving unreasonable delay.' " *Ellison*, 165 Ohio St.3d 310, 2021-Ohio-3154, 178 N.E.3d 508, at ¶ 13, quoting *Scarberry v. Turner*, 139 Ohio St.3d 111, 2014-Ohio-1587, 9 N.E.3d 1022, ¶ 14.

{¶ 10} Foreclosing relief in habeas corpus here, Plaza's petition alleges that he was entitled to a "preliminary probable cause hearing" upon his reincarceration, that the APA improperly "treat[ed] the conditions of supervision as a strict liability offense," that the APA's use of a preponderance-of-the-evidence standard is an inadequate burden of proof, that his violation was not supported by a preponderance of the evidence, and that the APA's five-year sanction is fundamentally unfair and therefore beyond the scope of its authority and jurisdiction. Thus, the crux of each of Plaza's arguments is that the manner in which the parole-revocation procedures

4

were conducted violated his right to due process. But generally speaking, "the sole remedy for such a violation * * * is a writ of mandamus compelling the parole authority to conduct a second hearing." *Ellison* at ¶ 12. Moreover, Plaza concedes, "I have not raised an unreasonable delay with my parole hearing."

**{¶ 11}** Plaza's petition fails to state with sufficient specificity facts that would entitle him to habeas corpus relief, and we hold that the court of appeals properly dismissed the petition, despite its erroneous rationale.

## CONCLUSION

**{¶ 12}** The Ninth District Court of Appeals' judgment dismissing Plaza's petition for a writ of habeas corpus is affirmed.

*Judgment affirmed.*

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

_____

Robert Plaza, pro se.

Dave Yost, Attorney General, and Jerri L. Fosnaught, Assistant Attorney General, for appellee.

_____

5